**EXHIBIT "1"**

SUM-100

# SUMMONS
## *(CITATION JUDICIAL)*

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ELECTRONICALLY FILED BY
Superior Court of California,
County of Monterey
On 5/4/2017 1:19:17 PM
By: Jessica Ray, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Foothill Packing, Inc., And Does 1-20 Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Jesus Abraham Lopez-Gutierrez, and Alan Ulises Meza-Lugo

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

| CASE NUMBER: *(Número del Caso):* | 17CV001629 |
| --- | --- |

Superior Court of Monterey County
1200 Aguajito Rd.
Monterey, CA  93940

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ana Vicente de Castro 309958
 California Rural Legal Assistance, Inc.
3 Williams Road, Salinas, CA 93905          Telephone:(831) 757-5221

DATE:
*(Fecha)*     5/4/2017

Clerk, by     /s/ Jessica Ray     , Deputy
*(Secretario)*                                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Essential ⓔ Forms⁺

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Lopez-Gutierrez, et al.

1  Ana Vicente de Castro, SBN 309958
   CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
2  3 Williams Road
   Salinas, CA 93950
3  Telephone:  (831) 757-5221
   Facsimile:  (831) 757-6212
4  avicente@crla.org

5
   Blanca A. Bañuelos, SBN 231585
6  CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
   145 E. Weber Avenue
7  Stockton, CA 95202
   Telephone:  (209) 946-0605
8  Facsimile:  (209) 946-5730
   bbanuelos@crla.org
9

10 Dawson Morton, SBN 802667, Registered Legal Services Attorney
   R. Erandi Zamora, SBN 281929
11 Alexandra Revelas, SBN 305201
   CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION
12 2210 K Street, Suite 201
   Sacramento, CA 95816
13 Telephone: (916) 446-7904
   Facsimile:  (916) 446-3057
14 dmorton@crlaf.org
   ezamora@crlaf.org
15 arevelas@crlaf.org
16

17 *Attorneys for Plaintiffs*

18

19           IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

20                         COUNTY OF MONTEREY

21                       (UNLIMITED JURIDISCTION)

22

23 | JESUS ABRAHAM LOPEZ-GUTIERREZ, AND | Case No.: 17CV001629 |
   | ALAN ULISES MEZA-LUGO, | |
24
25 |        Plaintiffs, | **COMPLAINT FOR DAMAGES AND** |
   | | **INJUNCTIVE RELIEF** |
26 | v. | |
27 | FOOTHILL PACKING, INC, AND DOES 1-20, | **DEMAND FOR JURY TRIAL** |
   | INCLUSIVE, | |
28
   |        Defendants. | |

Plaintiffs JESUS ABRAHAM LOPEZ-GUTIERREZ and ALAN ULISES MEZA-LUGO ("Plaintiffs") allege their Complaint against defendant FOOTHILL PACKING, INC., ("Defendant" or "Foothill") as follows:

### NATURE OF THE CASE

1.     Plaintiffs were employed for Defendant as seasonal agricultural laborers during the 2016 lettuce season.  While employed, Defendant violated California state law by failing to pay Plaintiffs for all hours worked, including minimum wages. Plaintiffs seek their unpaid wages, other damages, statutory penalties, restitution, an order requiring Defendant to pay lawful wages and compensate for travel time, and other injunctive relief, attorney's fees, costs of suit and other appropriate and just relief against Defendant.

### PARTIES

2.     Plaintiffs JESUS ABRAHAM LOPEZ-GUTIERREZ and ALAN ULISES MEZA-LUGO are H-2A workers from Mexico who were recruited by Defendant in Mexico to work in fields owned and operated by Defendant's clients in Monterey County.

3.     Defendant FOOTHILL PACKING, INC. is a California corporation with its principal offices located at 1582-G Moffett Street, Salinas, CA 93905.

4.     Plaintiffs are unaware of the true names and capacities of the Defendants sued herein under the fictitious names DOES 1 through 20, inclusive.  Plaintiffs will seek leave to amend this complaint to allege the true names and capacities of said DOES when ascertained.  Plaintiffs are informed and believe and thereon allege that each of the DOE Defendants was responsible in some manner for the occurrences and injuries alleged in this Complaint.

### VENUE

5.     Venue is proper in this judicial district, pursuant to Cal. Code of Civil Procedure § 395(a). Many of the unlawful acts, as well as the course of conduct alleged herein, occurred in Monterey County or was directed by Defendant or its clients from Monterey County.  Defendant also employs other people in Monterey County and is otherwise within this Court's jurisdiction for purposes of service of process.

///

///

## FACTUAL ALLEGATIONS

6.     Defendant submitted a job order to the California Employment Development Department (the local State Workforce Agency) for clearance and approval in conjunction with their H-2A application.

7.     For the 2016 Season, Defendant filed a job order that was certified by the U.S. Department of Labor with certification number H-300-16029-596074. The job order requested 235 workers for the period of April 4, 2016 to November 12, 2016 to work in and around Monterey county harvesting lettuce. A copy of the 2016 certification and Plaintiffs' employment contract under the relevant H-2A job order are attached as Exhibit A.

8.     Defendant, in consultation with others, submitted the aforementioned job order to recruit and import foreign workers, like Plaintiffs, for the lettuce harvest.

9.     Defendant offered and Plaintiffs accepted employment under the terms of the applicable H-2A job order.

10.    Plaintiffs JESUS ABRAHAM LOPEZ-GUTIERREZ and ALAN ULISSES MEZA-LUGO worked for Defendant during the 2016 lettuce harvesting season under the terms of the job orders listed attached as Exhibit A.

11.    The 2016 contract promised a wage of $11.89 per hour and group piece rates.

12.    Under the terms of the 2016 contract, harvesting occurred in and around Monterey County.

13.    Plaintiffs LOPEZ-GUTIERREZ and MEZA-LUGO worked on a crew led by a woman known as "Mari."

14.    Plaintiffs LOPEZ-GUTIERREZ, MEZA-LUGO, and other laborers in the Mari-led crew were paid by the hour for the 2016 season.

15.    As a term of the employment, Defendant required Plaintiffs and other H-2A workers to travel to and from the worksites in vehicles operated by Defendant.

16.    Plaintiffs and other H-2A workers were under the control of Defendant during all times from the point of pick up until the point of return after each day's work.

///

17.    Under this transportation arrangement, Plaintiffs and other H-2A workers were required to ride, wait on, or wait for Defendant's vehicles in excess of one and a half (1.5) hours per day for the duration of the 2016 seasons.

18.    On information and belief, Defendant did not keep records or compensate Plaintiffs and other field laborers for the travel time.

19.    Plaintiffs and other laborers, were required to sign their name on an attendance sheet. There was no time recorded on the attendance sheet at the time the Plaintiffs signed it.

20.    Similarly, at the end of the day, Plaintiffs and other laborers were required to write their initials next to their earlier signature.  There was no time recorded on the attendance sheet at the time Plaintiffs initialed it.

21.    After exiting the employer's transportation, Plaintiffs and other laborers were required to wait at the field prior to starting work. During this time, Plaintiffs and other laborers were assigned preparatory work including disinfecting the knives they used to harvest, getting their gloves and apron.

22.    Defendant also required Plaintiffs and other field laborers to do mandatory exercises before the start of each workday for approximately ten (10) minutes.

23.    On information and belief, Defendant did not keep records or compensate Plaintiffs and other field laborers for this time.

24.    Defendant did not allow Plaintiffs and other field laborers to take adequate meal periods. Defendant regularly required Plaintiffs and other field laborers to continue working to meet harvesting goals and only allowed a lunch break well after five (5) hours of work. Additionally, Plaintiffs and other field laborers were not given a full, uninterrupted 30-minute meal break for every (5) hours of work. Instead, Defendant's supervisors required Plaintiffs and other field workers to stop their lunch break and wash their hands and walk back to the field approximately 10 minutes before the end of the meal period.

25.    On information and belief, Defendant did not pay Plaintiffs and other field laborers premium wages for the inadequate or denied meal periods.

26.    Plaintiffs and other filed laborers all regularly worked over ten (10) hours each day. Defendants did not pay them premium pay for any overtime hours worked.

///

27.     Defendant's action in failing to compensate Plaintiffs and other field laborers for all hours worked, lowered Defendant's labor costs, and provided Defendant a significant competitive advantage in violation of the Unfair Competition Law.

28.     Upon Plaintiffs' separation from their employment with Defendant, Defendant willfully failed to pay them accrued compensation owed, including overtime premiums, in a prompt and timely manner in violation of the California Labor Code.

## FIRST CAUSE OF ACTION
## (FOR FAILURE TO PAY MINIMUM WAGES IN
## VIOLATION OF LABOR CODE §§ 1182.12,
## 1194, 1197 AND I.W.C. WAGE ORDER 14)

29.     Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as fully set forth herein and further allege that:

30.     Plaintiffs bring this count against Defendant for Defendant's failure to pay minimum wage for all compensable hours.

31.     During the 2016 season, Defendants failed to pay Plaintiffs minimum wage for each hour worked in violation of Labor Code §§ 1182.12, 1197, and California Industrial Welfare Commission Wage Order No. 14-2001 (hereinafter Wage Order 14), 8 Cal. Code Regulations (C.C.R.) § 11140.

32.     Due to Defendant's policies and practices, including the practice of excluding compensable travel, waiting and preparatory time from compensation, Plaintiffs did not receive the applicable minimum wage for each compensable hour of work.

33.     As a direct and proximate result of Defendant's acts and/or omissions, Plaintiffs were deprived of minimum wages due in amounts to be determined at trial.

34.     Plaintiffs are entitled to recover the unpaid balance of the full amount of such wages, interest thereon, attorneys' fees and the costs of suit.

35.     Plaintiffs request relief in the amount equal to unpaid minimum wages due, plus liquidated damages, pre and post-judgment interest, attorneys' fees and costs.

///

///

///

### SECOND CAUSE OF ACTION
### (LIQUIDATED DAMAGES FOR FAILURE
### TO PAY MINIMUM WAGE IN VIOLATION
### OF LABOR CODE 1194.2)

36.    Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as fully set forth herein and further allege that:

37.    As a direct and proximate result of Defendant's actions as alleged herein, Plaintiffs are entitled to recover penalties in the form of liquidated damages in an amount equal to the minimum wages unlawfully unpaid and interest thereon pursuant to Lab. Code § 1194.2. The exact amount of liquidated damages owing will be determined at trial.

38.    As a result of Defendant's unlawful acts, Plaintiffs are entitled to recover such amounts, plus interest thereon, attorneys' fees and costs under Lab. Code § 1194.

### THIRD CAUSE OF ACTION
### (FOR FAILURE TO PAY OVERTIME
### WAGES IN VIOLATION OF LABOR
### CODE§ 1194 and WAGE ORDER 14)

39.    Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as fully set forth herein and further allege that:

40.    Plaintiffs seek their unpaid overtime premium pay against Defendant for all overtime hours worked.

41.    For all previously mentioned seasons, Defendant failed to pay Plaintiffs overtime wages in the amount of one and a half times the regular rate for all hours worked in each workday in excess of ten (10) hours and all hours worked in each workweek over sixty (60) hours as required by Labor Code § 1194 and Wage Order 14, 8 C.C.R. § 11140(3).

42.    Plaintiffs regularly worked in excess of ten hours each day. They did not receive premium pay for any overtime hours worked.

43.    As a direct and proximate result of the acts and/or omissions of each Defendant, Plaintiffs have been deprived overtime wages due and are entitled to recover those amounts.

44.    Plaintiffs request relief in the amount equal to unpaid overtime hours (at the premium rate) as well as pre and post judgment interest.

## FOURTH CAUSE OF ACTION
### (FOR FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION OF LABOR CODE § 226.7 AND WAGE ORDER NO. 14)

45.     Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as fully set forth herein and further allege that:

46.     Plaintiffs LOPEZ-GUTIERREZ and MEZA-LUGO bring this count against Defendant for failure to provide adequate meal periods during the 2016 season in violation of Labor Code § 226.7, and Wage Order 14, 8 C.C.R. § 11140(11).

47.     During their employment with Defendants, Plaintiffs LOPEZ-GUTIERREZ and MEZA-LUGO and other field workers regularly worked in excess of five (5) hours without being provided a meal period until the sixth hour.

48.     The provision of a late meal period for employees working five or more hours in a day violates Labor Code § 226.7 as well as Wage Order 14, 8 C.C.R. § 11140(11).

49.     Because Defendant failed to provide proper meal periods, Defendant is liable to Plaintiffs for one hour of additional pay at the regular rate of compensation, here Plaintiffs' contractually promised hourly wage or their average hourly piece rate earnings for the pay period, whichever is higher, for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7.

50.     Plaintiffs request relief in the amount equal to one hour of pay for each inadequate meal period they were provided.

## FIFTH CAUSE OF ACTION
### (FOR FAILURE TO PAY CONTRACTUAL WAGES DUE)

51.     Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as fully set forth herein and further allege that:

52.     Plaintiffs bring this Count against Defendant for Defendant's failure to pay the higher of the contractually promised wage rate, the state or federal minimum wage, for all compensable hours worked in under the terms of the H-2A orders.

///

53.     Plaintiffs and Defendants entered into employment contracts for the work to be performed under the terms and conditions contained in the H-2A order attached hereto as Exhibit A.

54.     Plaintiffs were promised the higher of the contractual wage rate of $11.89 (2016 season) per hour, the prevailing wage or piece rate, or, or the state or federal minimum wage.

55.     Plaintiffs fully performed all terms and conditions of the employment contract.

56.     Defendant failed to pay Plaintiffs for all compensable hours worked at the contractually promised wage rates.

57.     Defendant failed to pay Plaintiffs, in part, because Defendant failed to record or compensate for time in which Plaintiffs were engaged to wait, were transported in Defendant's bus system, or were otherwise engaged in pre-shift preparatory work at Defendant's direction, as further detailed in paragraphs 15 through 23 above.

58.     As a direct and proximate result of this failure, Plaintiffs have been deprived of contractual wages due and are entitled to recover the amounts due.

59.     Plaintiffs seek damages in the amount of the unpaid contractual wages due to them.

### SIXTH CAUSE OF ACTION
### (FOR FAILURE TO FURNISH
### ACCURATE WAGE STATEMENTS IN
### VIOLATION OF LABOR CODE § 226)

60.     Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as fully set forth herein and further allege that:

61.     Plaintiffs bring this Count against Defendant for Defendant's failure to provide Plaintiffs' accurate wage statements that recorded Plaintiffs' hours worked.

62.     Labor Code § 226(a) requires employers to provide itemized wage statements which accurately show the total hours worked by the employee.

63.     Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide such an itemized statement, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

///

64.    Defendant knowingly and intentionally failed to furnish Plaintiffs with accurate statements as required by Labor Code § 226(a) in that each wage statement failed to accurately report all hours worked and applicable rates of pay; and Plaintiffs have suffered injury as a result. Accordingly, Defendant is liable to Plaintiffs for the amounts provided by Labor Code § 226(b).

65.    Plaintiffs request that the applicable penalties be paid to them for each of Defendant's inaccurate check stubs.

## SEVENTH CAUSE OF ACTIION
### (FOR WAITING TIME PENALTIES
### PER LABOR CODE §§ 201-203)

66.    Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as fully set forth herein and further allege that:

67.    All Plaintiffs assert this count against Defendant for its failure to pay Plaintiffs all wages owing at separation from employment.

68.    Under California Labor Code § 201-203, an employer is required to promptly pay all compensation owing to an employee upon their separation from employment and is liable for waiting time penalties in the form of continued compensation for up to thirty (30) days.

69.    Defendant willfully failed to timely pay compensation and wages owing, including minimum wages and meal period pay, to Plaintiffs who were separated from employment. As a result, Defendant is liable to Plaintiffs for waiting time penalties, together with interest thereon and attorney's fees and costs, under Labor Code § 203.

70.    Plaintiffs request 30 days' wages at the higher of their average piece rate earnings or the contractually mandated hourly wage under Labor Code §203 for each season in which Defendant failed to pay all wages due and owing to them upon termination of their employment.

## EIGHTH CAUSE OF ACTION
### UNLAWFUL AND/OR UNFAIR
### BUSINESS PRACTICES
### (CAL. BUS. & PROF. CODE §§ 17200-17208)

71.    Plaintiffs re-allege and incorporate by reference each preceding paragraph of the complaint as fully set forth herein and further allege that:

///

72.     Plaintiffs sue for their own interest pursuant to Business and Professions Code §§17200, *et seq*, against Defendant.

73.     Defendant's conduct as alleged in this complaint has been and continues to be unfair, unlawful and harmful to Plaintiffs and those similarly situated. Plaintiffs seek to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure § 1021.5.

74.     Plaintiffs are "persons" within the meaning of Business and Professions Code § 17204 who have suffered injury in fact as a result of Defendant's unfair competition, have standing to bring this claim for injunctive relief, restitution, and other appropriate equitable relief.

75.     Business and Professions Code §§17200 *et seq.* prohibits unlawful, unfair and fraudulent business practices. Through the conduct alleged in this complaint, Defendant has acted contrary to these public policies, has violated specific provisions of the California Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code §§ 17200, *et seq.*, depriving Plaintiffs of rights, benefits, and privileges guaranteed under law.

76.     Defendant has committed unfair and unlawful business practices within the meaning of Business & Professions Code §17200 *et seq.* by engaging in conduct that includes, but is not limited to the following:

77.     Failing to compensate employees for all their hours worked, in violation of Labor Code Sections 200 and 1197, and the applicable provisions of Wage Order 14-2001 (8 Cal. Code of Regs. § 11140);

78.     Failing to pay overtime premiums for work performed in excess of ten (10) hours per work day, or 60 per work week, contrary to the applicable provisions of Labor Code § 1198 and Wage Order 14-2001 (8 Cal. Code of Regs. § 11140);

79.     Failing to provide meal and to authorize and permit rest periods as required by Labor Code § 226.7 and Wage Order 14-2001 (8 Cal. Code of Regs. § 11140);

80.     Failing to pay employees for time worked through breaks as required by the Labor Code and failing to count employees' missed meal and rest periods as compensable time for purposes of calculating overtime compensation;

///

81.     Failing to pay premium compensation for missed meal and rest periods, as required by Labor Code §226.7(b);

82.     Failing to comply with the record keeping requirements of Labor Code § 1174(d) which requires employers to maintain "payroll records showing the hours worked daily by and the wages paid to, and the number of piece-rate units earned by and any applicable piece rate paid to, employees..." Defendant failed to keep accurate records that showed all of Plaintiffs compensable time worked;

83.     Failing to provide accurate itemized wage statements as required by Labor Code § 226(a); Failing to pay waiting time penalties to members of the Plaintiff Class who resign or are terminated without being paid all wages due, as required by Labor Code § 203;

84.     As a direct result of the unfair, unlawful and anti-competitive conduct alleged in this complaint, Defendant had acted contrary to law and contrary to public policy and has thus engaged in unlawful and unfair business practices in violation of Business and Professions Code §§ 17200 *et seq.* Defendant has engaged in such conduct for its own economic self-interest, to increase its profits. Through its unfair business practices alleged herein, Defendant has received and retained and continues to receive and retain funds that rightfully belong to Plaintiffs and has produced further profits with those funds. As a result, Defendant has been unjustly enriched and has achieved an unfair competitive advantage over its legitimate business competitors at the expense of its employees and the public at large. Plaintiffs are entitled to, and do seek all relief as may be necessary to restore to Plaintiffs all money and property which Defendant has acquired, or of which Plaintiffs have been deprived, by means of the Defendant's unfair and unlawful business practices, and to restore to Plaintiffs the ill-gotten gains obtained by Defendants through those practices.

85.     Plaintiffs are informed and believe and thereon allege that during their employment with Defendant, Defendant's conduct injured the interests of the Plaintiffs resulting in economic loss to the Plaintiffs.

86.     Injunctive relief pursuant to Business and Professions Code § 17203 is necessary to prevent Defendant from continuing to engage in unfair business practices as alleged in this Complaint. Defendant, and each of them, and/or persons acting in concert with them, have done, are now doing, and

///

will continue to do or cause to be done, the illegal acts alleged in this Complaint, unless restrained and enjoined by this Court. Unless the relief prayed for below is granted, a multiplicity of actions will result. Plaintiffs have no plain, speedy, or adequate remedy at law, for reasons which include but are not limited to the following: (a) it is difficult to measure the amount of monetary damages that would compensate Plaintiffs for Defendant's wrongful acts; and (b) in any event, pecuniary compensation alone would not afford adequate and complete relief. The continuing violation of law by Defendant will cause great and irreparable damage to Plaintiffs and others similarly situated unless Defendant are immediately restrained from committing further illegal acts.

87.     Business and Professions Code § 17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of unlawful and unfair business practices. Plaintiffs seek restitution of all unpaid wages owing to themselves, according to proof, as well as the declaratory and injunctive relief described herein.

88.     Plaintiffs request that the Court issue an Order requiring Defendant to pay lawful wages to prevent this anti-competitive behavior in the future, and that they pay restitution.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

A.     That the Court find that Defendant has violated the minimum wage provisions of Labor Code §§ 1182.11-1182.12, 1194, 1197 and Wage Order 14, and award an amount equal to unpaid minimum wages due, plus liquidated damages;

B.     That the Court find that Defendant has violated overtime wage provisions of the Labor Code including § 1198 and Wage Order 14, and award an amount equal to unpaid overtime wages due;

C.     That the Court find that Defendant has violated Labor Code §§ 226.7 and Wage Order 14, 8 C.C.R. § 11140, by failing to provide Plaintiffs with adequate meal periods, and award an amount equal to one hour of pay for each meal period that was not provided or incorrectly provided to Plaintiffs;

D.     That the Court find that Defendant has violated the terms of the contract between itself and Plaintiffs by failing to pay the promised wage rate for all hours worked under said agreement and award Plaintiffs restitution in the amount of the wages owed therein.

///

E.      That the Court find that Defendant has violated Labor Code § 226(a) by knowingly and intentionally failing to provide Plaintiffs with accurate itemized wage statements, and award penalties due pursuant to Labor Code § 226(b);

F.      That the Court find that Defendant has violated Labor Code §§ 201, and/or 202 for willful failure to pay all compensation owed at the time of termination of employment to Plaintiffs and award waiting time penalties due pursuant to Labor Code § 203;

G.      That the Court find that Defendant have violated Cal. Business and Professions Code § 17200 by failing to pay Plaintiffs minimum wages and waiting period penalties, by failing to afford Plaintiffs adequate meal periods and by failing to timely furnish Plaintiffs with statements accurately showing total hours worked and failing to maintain accurate payroll records;

H.      That Defendant be ordered and enjoined to cease its unlawful and/or unfair activities as alleged herein and pay restitution to Plaintiffs due to Defendant's unlawful and/or unfair activities, pursuant Cal. Business and Professions Code §§ 17200-08;

I.      That Plaintiffs be awarded reasonable attorney's fees and costs pursuant to Labor Code §§ 226, 1194 and/or other applicable law; and,

J.      That the Court award such other and further relief as this Court may deem appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Respectfully submitted,

Date: May 4, 2017                    CALIFORNIA RURAL LEGAL ASSISTANCE, INC.

_____

Ana Vicente de Castro
Attorney for Plaintiffs

Date: May 4, 2017                    CALIFORNIA   RURAL   LEGAL   ASSISTANCE
                                     FOUNDATION

_____

R. Erandi Zamora
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF - 13

Ana Vicente de Castro, SBN 309958
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
3 Williams Road
Salinas, CA 93950
Telephone: (831) 757-5221
Facsimile: (831) 757-6212
avicente@crla.org

Blanca A. Bañuelos, SBN 231585
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
145 E. Weber Avenue
Stockton, CA 95202
Telephone: (209) 946-0605
Facsimile: (209) 946-5730
bbanuelos@crla.org

Dawson Morton, SBN 802667, Registered Legal Services Attorney
R. Erandi Zamora, SBN 281929
Alexandra Revelas, SBN 305201
CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION
2210 K Street, Suite 201
Sacramento, CA 95816
Telephone: (916) 446-7904
Facsimile: (916) 446-3057
dmorton@crlaf.org
ezamora@crlaf.org
arevelas@crlaf.org

*Attorneys for Plaintiffs*

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF MONTEREY

## (UNLIMITED JURIDISCTION)

| | |
|---|---|
| JESUS ABRAHAM LOPEZ-GUTIERREZ, AND ALAN ULISES MEZA-LUGO, <br><br> Plaintiffs, <br><br> v. <br><br> FOOTHILL PACKING, INC, AND DOES 1-20, INCLUSIVE, <br><br> Defendants. | Case No.: 17CV001629 <br><br> **DECLARATION OF ANA VICENTE DE CASTRO REGARDING EXHIBIT TO COMPLAINT** |

I, Ana Vicente de Castro, hereby declare and affirm that:

1. I am a staff attorney of California Rural Legal Assistance, Inc. office in Salinas, California and I am one of the attorneys primarily responsible for the prosecution of this action. I am the only attorney working on the case located in Salinas, California.

2. I filed this action on May 4, 2017.

3. The Complaint cites to Exhibit A, a copy of the 2016 certification and Plaintiffs' employment contract under the relevant H-2A job order. (A true and correct copy attached hereto).

4. I inadvertently failed to attach Exhibit A when the Complaint was electronically filed.

5. I am filing this declaration to include Exhibit A as part of my initial filing to be served with the Complaint.

I declare under penalty of perjury under the laws of the State of California that the foregoing declaration is true and correct. Executed this 4th day of May, 2017, in Salinas California.

Date: May 4, 2017                     CALIFORNIA RURAL LEGAL ASSISTANCE, INC.

                                      _____
                                      Ana Vicente de Castro
                                      Attorney for Plaintiffs

# Exhibit A

OMB Approval: 1205-0466
Expiration Date: 03/31/2016

H-2A Application for Temporary Employment Certification
ETA Form 9142A
**U.S. Department of Labor**



*Please read and review the filing instructions carefully before completing the ETA Form 9142A . A copy of the instructions can be found at http://www.foreignlaborcert.doleta.gov/. In accordance with Federal Regulations, incomplete or obviously inaccurate applications will not be certified by the Department of Labor. If submitting this form non-electronically, ALL required fields/items containing an asterisk ( * ) must be completed as well as any fields/items where a response is conditional as indicated by the section ( § ) symbol.*

**A. Employment-Based Nonimmigrant Visa Information**

| 1. Indicate the type of visa classification supported by this application *(Write classification symbol):* * | H-2A |
|---|---|

**B. Temporary Need Information**

1. Job Title * Field Worker

| 2. SOC (ONET/OES) code * | 3. SOC (ONET/OES) occupation title * |
|---|---|
| 45-2092 | Farmworkers and Laborers, Crop, Nursery, and Greenhouse |

| 4. Is this a full-time position? * | Period of Intended Employment | |
|---|---|---|
| ✓ Yes ☐ No | 5. Begin Date * 04/04/2016 *(mm/dd/yyyy)* | 6. End Date * 11/12/2016 *(mm/dd/yyyy)* |

7. Worker positions needed/basis for the visa classification supported by this application

| 235 | Total Worker Positions Being Requested for Certification * |
|---|---|

Basis for the visa classification supported by this application
*(indicate the total workers in each applicable category based on the total workers identified above)*

| 235 | a. New employment * | 0 | d. New concurrent employment * |
|---|---|---|---|
| 0 | b. Continuation of previously approved employment * without change with the same employer | 0 | e. Change in employer * |
| 0 | c. Change in previously approved employment * | 0 | f. Amended petition * |

8. Nature of Temporary Need: (Choose only one of the standards) *

✓ Seasonal   ☐ Peakload   ☐ One-Time Occurrence   ☐ Intermittent or Other Temporary Need

9. Statement of Temporary Need *

Foothill Packing, Inc. requires heavy labor field workers on a recurring annual seasonal basis. This period of temporary need is predictable each year based on the harvest season.

Case Number: H-300-16029-596074    Case Status: CERTIFIED    Validity Period: 04/04/2016    to  11/12/2016

OMB Approval: 1205-0466
Expiration Date: 03/31/2016

H-2A Application for Temporary Employment Certification
ETA Form 9142A
U.S. Department of Labor



## C. Employer Information

**Important Note**: Enter the full name of the individual employer, partnership, or corporation and all other required information in this section. For joint employer or master applications filed on behalf of more than one employer under the H-2A program, identify the main or primary employer in the section below and then submit a separate attachment that identifies each employer, by name, mailing address, and total worker positions needed, under the application.

| | | |
|---|---|---|
| 1. Legal business name *<br>FOOTHILL PACKING, INC. | | |
| 2. Trade name/Doing Business As (DBA), if applicable<br>N/A | | |
| 3. Address 1 *<br>1582 MOFFETT STREET SUITE G | | |
| 4. Address 2<br>N/A | | |
| 5. City *<br>SALINAS | 6. State *<br>CA | 7. Postal code *<br>93905 |
| 8. Country *<br>UNITED STATES OF AMERICA | 9. Province<br>N/A | |
| 10. Telephone number *<br>831-784-1453 | 11. Extension<br>N/A | |
| 12. Federal Employer Identification Number (FEIN from IRS) *<br>▓▓▓▓ | 13. NAICS code (must be at least 4-digits) *<br>11133 | |
| 14. Number of non-family full-time equivalent employees<br>▓▓▓ | 15. Annual gross revenue<br>▓▓▓▓ | 16. Year established<br>1992 |

17. Type of employer application (choose only one box below) *

☐ Individual Employer
☑ H-2A Labor Contractor or Job Contractor
☐ Association – Sole Employer (H-2A only)
☐ Association – Joint Employer (H-2A only)
☐ Association – Filing as Agent (H-2A only)

## D. Employer Point of Contact Information

**Important Note**: The information contained in this Section must be that of an employee of the employer who is authorized to act on behalf of the employer in labor certification matters. The information in this Section must be different from the agent or attorney information listed in Section E, unless the attorney is an employee of the employer. For joint employer or master applications filed on behalf of more than one employer under the H-2A program, enter only the contact information for the main or primary employer (e.g., contact for an association filing as joint employer) under the application.

| | | |
|---|---|---|
| 1. Contact's last (family) name *<br>ERICKSON | 2. First (given) name *<br>ROBERT | 3. Middle name(s) *<br>N/A |
| 4. Contact's job title *<br>VICE PRESIDENT | | |
| 5. Address 1 *<br>1582 MOFFETT STREET | | |
| 6. Address 2<br>STE G | | |
| 7. City *<br>SALINAS | 8. State *<br>CA | 9. Postal code *<br>93905 |
| 10. Country *<br>UNITED STATES OF AMERICA | 11. Province<br>N/A | |

| 12. Telephone number *<br>831-784-1453 | 13. Extension<br>N/A | 14. E-Mail address<br>BOB@FOOTHILLPACKING.COM |
|---|---|---|

Case Number: H-300-16029-596074     Case Status: CERTIFIED     Validity Period: 04/04/2016 to 11/12/2016

OMB Approval: 1205-0466
Expiration Date: 03/31/2016

H-2A Application for Temporary Employment Certification
ETA Form 9142A
**U.S. Department of Labor**



## E. Attorney or Agent Information (If applicable)

| 1. Is/are the employer(s) represented by an attorney or agent in the filing of this application (including associations acting as agent under the H-2A program)? If "Yes", complete Section E. * | ✓ Yes | No |
|---|---|---|

| 2. Attorney or Agent's last (family) name § | 3. First (given) name § | 4. Middle name(s) § |
|---|---|---|
| MALITZ | JEANNE | MARIE |

5. Address 1 §
1295 SCOTT STREET

6. Address 2
N/A

| 7. City § | 8. State § | 9. Postal code § |
|---|---|---|
| SAN DIEGO | CA | 92106 |

| 10. Country § | 11. Province |
|---|---|
| UNITED STATES OF AMERICA | N/A |

| 12. Telephone number § | 13. Extension | 14. E-mail address |
|---|---|---|
| 619-269-6164 | N/A | INFO@MALITZLAW.COM |

| 15. Law firm/Business name § | 16. Law firm/Business FEIN § |
|---|---|
| MALITZLAW, INC. | [redacted] |

| 17. State Bar number (only if attorney) § | 18. State of highest court where attorney is in good standing (only if attorney) § |
|---|---|
| 149159 | CALIFORNIA |

19. Name of the highest court where attorney is in good standing (only if attorney) §

CALIFORNIA SUPREME COURT

## F. Job Offer Information

### a. Job Description

1. Job Title *
Field Worker

| 2. Number of hours of work per week | 3. Hourly Work Schedule * |
|---|---|
| Basic *: 42      Overtime: 0 | A.M. (h:mm): 3 : 00      P.M. (h:mm): 11 : 00 |

| 4. Does this position supervise the work of other employees? * | 4a. If yes, number of employees worker will supervise (if applicable) § 0 |
|---|---|
| Yes ✓ No | |

5. Job duties – A description of the duties to be performed **MUST** begin in this space. If necessary, add attachment to continue and complete description. *

SEE ADDENDUM

Heavy labor field worker to harvest Clean and Core of Head Lettuce and Romaine carton, Romaine top and tail Value added and Mixed Leaf carton.

Specific to Dole Clean and Core of Head Lettuce: Field worker to harvest cored head lettuce in preparation for value added processing. Manual cutting is done by walking in uneven furrows behind a harvesting conveyor belt or riding a machine platform. Under the direction of the field Supervisors, the worker then determines the size and quality of the cored lettuce to be harvested and using a harvesting knife with a coring attachment, the employee bends at the waist and cuts the head from its roots. Employee then trims the outer leaves from the head and cores it with the coring attachment. Employee inspects the head lettuce for defects. Employee places head

OMB Approval: 1205-0466
Expiration Date: 03/31/2016

H-2A Application for Temporary Employment Certification
ETA Form 9142A
**U.S. Department of Labor**



---

**F. Job Offer Information** *(continued)*

**b. Minimum Job Requirements**

1. Education: minimum U.S. diploma/degree required *

☑ None  ☐ High School/GED  ☐ Associate's  ☐ Bachelor's  ☐ Master's  ☐ Doctorate (PhD)  ☐ Other degree (JD, MD, etc.)

| 1a. If "Other degree" in question 1, specify the diploma/ degree required § | 1b. Indicate the major(s) and/or field(s) of study required § (May list more than one related major and more than one field) |
|---|---|
| N/A | N/A |

| 2. Does the employer require a second U.S. diploma/degree? * | | Yes | ☑ No |
|---|---|---|---|

2a. If "Yes" in question 2, indicate the second U.S. diploma/degree and the major(s) and/or field(s) of study required §

N/A

| 3. Is training for the job opportunity required? * | | Yes | ☑ No |
|---|---|---|---|

| 3a. If "Yes" in question 3, specify the number of <u>months</u> of training required § | 3b. Indicate the field(s)/name(s) of training required § (May list more than one related field and more than one type) |
|---|---|
| 0 | N/A |

| 4. Is employment experience required? * | ☑ Yes | | No |
|---|---|---|---|

| 4a. If "Yes" in question 4, specify the number of <u>months</u> of experience required § | 4b. Indicate the occupation required § |
|---|---|
| 1 | Must have 1 month work experience working with head lettu |

5. Special Requirements - List specific skills, licenses/certifications, and requirements of the job opportunity. *
SEE ADDENDUM

Must have 1 month work experience working with head lettuce as defined in this application including harvest work.  Specific requirements include lifting up to 50 pounds

**c. Place of Employment Information**

| 1. Worksite address 1 * |
|---|
| 4Q Farms-Balich Ranch |

| 2. Address 2 |
|---|
| 17200 Murphy Hill Rd |

| 3. City * | 4. County * |
|---|---|
| Watsonville | Santa Cruz |

| 5. State/District/Territory * | 6. Postal code * |
|---|---|
| CA | 95004 |

| 7. Will work be performed in multiple worksites within an area of intended employment or a location(s) other than the address listed above? * | ☑ Yes   ☐ No |
|---|---|

7a. If Yes in question 7, identify the geographic place(s) of employment with as much specificity as possible. If necessary, submit an attachment to <u>continue and complete</u> a listing of all anticipated worksites. §

| State | Area Based On | Area |
|---|---|---|
| 1. | | |

2. California Other 4Q-Azevido Ranch: 214 Lewis Rd, Watsonville, CA
3. California Other See Attachment A
4. California Other 4Q Farms-Beach Ranch, Beach Rd southwest of San Andreas Rd, Watsonville, CA

---

OMB Approval: 1205-0466
Expiration Date: 03/31/2016

H-2A Application for Temporary Employment Certification
ETA Form 9142A
**U.S. Department of Labor**



---

## G. Rate of Pay

| 1. Basic Rate of Pay Offered * | 1a. Overtime Rate of Pay *(if applicable)* § |
|---|---|
| From: $ 11 . 89   To (Optional): $ 0 . 00 | From: $ 0 . 00   To (Optional): $ 0 . 00 |

2. Per: (Choose only one) *
☑ Hour ☐ Week ☐ Bi-Weekly ☐ Month ☐ Year ☐ Piece Rate

2a. If Piece Rate is indicated in question 2, specify the wage offer requirements: §
N/A

3. Additional Wage Information (e.g., multiple worksite applications, itinerant work, or other special procedures).
If necessary, add attachment to <u>continue and complete</u> description. §

SEE ADDENDUM

Offered Wage: Workers will be paid not less than the higher of the AEWR in effect at the time work is performed, prevailing hourly wage or piece rate (if any), the agreed upon collective bargaining wage, or the Federal or State minimum wage for all hours

---

## H. Recruitment Information

1. Name of State Workforce Agency (SWA) serving the area of intended employment *
California EDD

| 2. SWA job order identification number * | 2a. Start date of SWA job order * | 2b. End date of SWA job order * (In H-2A this date is 50% of contract period) |
|---|---|---|
| 14674971 | 02/05/2016 | 08/03/2016 |

3. Is there a Sunday edition of a newspaper (of general circulation) in the area of intended employment? *    ☑ Yes   ☐ No

| Name of Newspaper/Publication *(in area of intended employment for H-2B only)* * | Dates of Print Advertisement § | |
|---|---|---|
| 4. N/A | From: N/A | To: N/A |
| 5. N/A | From: N/A | To: N/A |

6. Additional Recruitment Activities for H-2B program. Use the space below to identify the type(s) or source(s) of recruitment, geographic location(s) of recruitment, <u>and</u> the date(s) on which recruitment was conducted. If necessary, add attachment to <u>continue and complete</u> description. *

N/A

---

OMB Approval: 1205-0466
Expiration Date: 03/31/2016

H-2A Application for Temporary Employment Certification
ETA Form 9142A
**U.S. Department of Labor**



---

**I. Declaration of Employer and Attorney/Agent**

In accordance with Federal regulations, the employer must attest that it will abide by certain terms, assurances and obligations as a condition for receiving a temporary labor certification from the U.S. Department of Labor.  Applications that fail to attach Appendix A or Appendix B will be considered incomplete and not accepted for processing by the ETA application processing center.

| 1. For H-2A Applications ONLY, please confirm that you have read and agree to all the applicable terms, assurances and obligations contained in **Appendix A**. § | ✓ Yes ☐ No ☐ N/A |
|---|---|
| 2. For H-2B Applications ONLY, please confirm that you have read and agree to all the applicable terms, assurances and obligations contained in **Appendix B**. § | ☐ Yes ☐ No ☐ N/A |

**J. Preparer**

Complete this section if the preparer of this application is a person other than the one identified in either Section D (employer point of contact) or E (attorney or agent) of this application.

| 1. Last (family) name § | 2. First (given) name § | 3. Middle initial § |
|---|---|---|
| N/A | N/A | N/A |
| 4. Job Title § <br> N/A | | |
| 5. Firm/Business name § <br><br> N/A | | |
| 6. E-Mail address § <br> N/A | | |

**K. U.S. Government Agency Use (ONLY)**

Pursuant to the provisions of Section 101 (a)(15)(h)(ii) of the Immigration and Nationality Act, as amended, I hereby certify that there are not sufficient U.S. workers available and the employment of the above will not adversely affect the wages and working conditions of workers in the U.S. similarly employed.  By virtue of the signature below, the Department of Labor hereby acknowledges the following:

This certification is valid from _____ 04/04/2016 _____ to _____ 11/12/2016 _____.

*Certifying Officer*
_____
Department of Labor, Office of Foreign Labor Certification

03/15/2016
_____
Determination Date (date signed)

H-300-16029-596074
_____
Case number

CERTIFIED
_____
Case Status

**L. Public Burden Statement** *(1205-0466)*

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.  Public reporting burden for this collection of information is estimated to average 1 hour to complete the form and 20 minutes per response for all other H-2A information collection requirements, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  The obligation to respond to this data collection is required to obtain/retain benefits (Immigration and Nationality Act, 8 U.S.C. 1101, et seq.).  Please send comments regarding this burden estimate or any other aspect of this information collection to the Office of Foreign Labor Certification * U.S. Department of Labor * Room C4312 * 200 Constitution Ave., NW, * Washington, DC * 20210 or by email ETA.OFLC.Forms@dol.gov. Please **do not** send the completed application to this address.

---

OMB Approval: 1205-0466
Expiration Date: 03/31/2016

**H-2A Application for Temporary Employment Certification**

ETA Form 9142A – APPENDIX A

U.S. Department of Labor



---

### For Use in Filing Applications Under the H-2A Agricultural Program ONLY

**A. Attorney or Agent Declaration**

*I hereby certify that I am an employee of, or hired by, the employer listed in Section C of the ETA Form 9142A, and that I have been designated by that employer to act on its behalf in connection with this application. If I am an agent and not an employee of the employer, then I have attached a Letter of Representation from the employer. I also certify that to the best of my knowledge the information contained herein is true and correct. I understand that to knowingly furnish false information in the preparation of this form and any supplement hereto or to aid, abet, or counsel another to do so is a felony punishable by a $250,000 fine or 5 years in a Federal penitentiary or both (18 U.S.C. 1001).*

| 1. Attorney or Agent's last (family) name | 2. First (given) name | 3. Middle initial |
|---|---|---|
| MALITZ | JEANNE | MARIE |

| 4. Firm/Business name |
|---|
| MALITZLAW, INC. |

| 5. E-Mail address |
|---|
| INFO@MALITZLAW.COM |

| 6. Signature | 7. Date signed |
|---|---|
| | |

**B. Employer Declaration**

*By virtue of my signature below, I HEREBY CERTIFY the following conditions of employment:*

1. The job opportunity is a full-time temporary position, the qualifications for which do not substantially deviate from the normal and accepted qualifications required by non-H-2A employers in the same or comparable occupations and crops.

2. The worksite for which the employer is requesting H-2A certification does not currently have workers on strike or being locked out in the course of a labor dispute.

3. The job opportunity is and will continue to be open to any qualified U.S. worker regardless of race, color, national origin, age, sex, religion, handicap, or citizenship, and the employer has conducted and will continue to conduct the required recruitment, in accordance with regulations, and has been unsuccessful in locating sufficient numbers of qualified U.S. applicants for the job opportunity for which certification is sought. Any U.S. workers who applied or apply for the job were or will be rejected only for lawful, job-related reasons, and the employer must retain records of all rejections as required by 20 CFR 655.167.

4. The job opportunity offers U.S. workers no less than the same benefits, wages, and working conditions that the employer is offering, intends to offer, or will provide to H-2A workers and complies with the requirements at 20 CFR 655, Subpart B.

5. The employer understands that it must offer, recruit at, and pay a wage that is the highest of the adverse effect wage rate in effect at the time the job order is placed, the prevailing hourly or piece rate, the agreed-upon collective bargaining rate (CBA), or the Federal or State minimum wage, and furthermore, that if a new Adverse Effect Wage Rate is published, or the employer is notified of a new prevailing wage rate during the contract period, and that new rate is higher than the wage determined by the NPC (except the CBA) during the application process the employer will increase the pay of all employees in the same job occupation to the higher rate.

6. There are no U.S. workers available in the area(s) capable of performing the temporary services or labor in the job opportunity, and the employer will conduct positive recruitment as specified by the NPC and continue to cooperate with the SWA by accepting referrals of all eligible U.S. workers who apply (or on whose behalf an application is made) for the job opportunity until completion of 50 percent of the contract period calculated from the first date of need indicated in Section B.5 of ETA Form 9142A.

7. All fees associated with processing the temporary labor certification will be paid in a timely manner.

---

OMB Approval: 1205-0466
Expiration Date: 03/31/2016

**H-2A Application for Temporary Employment Certification**
ETA Form 9142A – APPENDIX A
U.S. Department of Labor



8.  During the period of employment that is the subject of the labor certification application, the employer:
    (i)   Will comply with applicable Federal, State and local employment-related laws and regulations, including health and safety laws;
    (ii)  Will provide for or secure housing for workers who are not reasonably able to return to their permanent residence at the end of the work day that complies with the applicable local, State, or Federal standards and guidelines for housing without charge to the worker;
    (iii) Where required, has timely requested a preoccupancy inspection of the housing and received certification;
    (iv)  Will provide insurance, without charge to the worker, under a State workers' compensation law or otherwise, that meets the requirements of 20 CFR 655.122(e).
    (v)   Will provide transportation in compliance with all applicable Federal, State or local laws and regulations between the worker's living quarters (i.e., housing provided by the employer under 20 CFR 655.122(h)) and the employer's worksite without cost to the worker.

9.  The employer has not laid off and will not lay off any similarly employed U.S. worker in the occupation that is the subject of the Application for Temporary Employment Certification in the area of intended employment except for lawful, job related reasons within 60 days of the date of need, or if the employer has laid off such workers, it has offered the job opportunity that is the subject of the application to those laid-off U.S. worker(s) and the U.S. worker(s) refused the job opportunity, was rejected for the job opportunity for lawful, job-related reasons, or was hired.

10. The employer and its agents have not sought or received payment of any kind from the H-2A worker for any activity related to obtaining labor certification, including payment of the employer's attorneys' fees, application fees, or recruitment costs.  For purposes of this paragraph, payment includes, but is not limited to, monetary payments, wage concessions (including deductions from wages, salary, or benefits), kickbacks, bribes, tributes, in kind payments, and free labor.

11. The employer has and will contractually forbid any foreign labor contractor or recruiter whom the employer engages in international recruitment of H-2A workers to seek or receive payments from prospective employees...

12. The employer has not and will not intimidate, threaten, restrain, coerce, blacklist, or in any manner discriminate against, and has not and will not cause any person to intimidate, threaten, restrain, coerce, blacklist, or in any manner discriminate against, any person who has with just cause:
    (i)   Filed a complaint under or related to Sec. 218 of the INA (8 U.S.C. 1188), or any Department regulation promulgated under Sec. 218 of the INA;
    (ii)  Instituted or caused to be instituted any proceeding under or related to Sec. 218 of the INA, or any Department regulation promulgated under Sec. 218 of the INA;
    (iii) Testified or is about to testify in any proceeding under or related to Sec. 218 of the INA or any Department regulation promulgated under Sec. 218 of the INA;
    (iv)  Consulted with an employee of a legal assistance program or an attorney on matters related to Sec. 218 of the INA or any Department regulation promulgated under Sec. 218 of the INA; or
    (v)   Exercised or asserted on behalf of himself/herself or others any right or protection afforded by Sec. 218 of the INA, or any Department regulation promulgated under Sec. 218 of the INA.

13. The employer has not and will not discharge any person because of that person's taking any action listed in paragraph 12(i) through (v) listed above.

14. The employer will inform H-2A workers of the requirement that they leave the U.S. at the end of the period certified by the Department or separation from the employer, whichever is earlier, as required under 20 CFR 655.135(i), unless the H-2A worker is being sponsored by another subsequent employer.

15. The employer has posted the Notice of Workers' Rights as required by 20 CFR 655.135(l) in a conspicuous place frequented by all employees.

16. If the application is being filed as an H-2A Labor Contractor the following additional attestations and obligations apply under 20 CFR 655.132:
    (i)   The H-2A Labor Contractor has provided a copy of the MSPA Farm Labor Contractor (FLC) certificate of registration if required under MSPA, 1801 U.S.C. et seq., to have such a certificate identifying the specific farm labor contracting activities it is authorized to perform;
    (ii)  The H-2A Labor Contractor has provided with this application a list of the names and locations of each fixed-site agricultural business to which the H-2A Labor Contractor expects to provide H-2A workers, the expected beginning and ending dates when the H-2A Labor Contractor will be providing the workers to each fixed site, a description of the crops and activities the workers are expected to perform at such fixed site, and copies of the fully-executed work contracts with each fixed-site agricultural business so identified;
    (iii) The H-2A Labor Contractor is able to provide proof of its ability to discharge financial obligations under the H-2A program and has secured a surety bond as required by 29 CFR 501.9, the original of which is attached and shows the name, address, phone number, and contact person for the surety, and provides the amount of the bond (as calculated pursuant to 29 CFR 501.9);

OMB Approval: 1205-0466
Expiration Date: 03/31/2016

## H-2A Application for Temporary Employment Certification
ETA Form 9142A – APPENDIX A
U.S. Department of Labor



    (iv) The H-2A Labor Contractor has engaged in and will engage in recruitment efforts in each area of intended employment in which it has listed a fixed-site agricultural business as required in 20 CFR 655.121, 655.150-155; and

    (v) Where the fixed-site agricultural business(es) will provide housing or transportation to the workers, proof that:

        a. All housing used by workers and owned, operated, or secured by the fixed-site agricultural business complies with the applicable housing standards in 20 CFR 655.122(d);

        b. All transportation between the worksite and the workers' living quarters that is provided by the fixed-site agricultural business complies with all applicable Federal, State, or local laws and regulations and that it will provide, at a minimum, the same vehicle safety standards, driver licensure, and vehicle insurance as required under 29 U.S.C. 1841 and 29 CFR part 500, except where workers' compensation is used to cover such transportation as described in § 655.122(e); and

        c. Certificates of occupancy from the SWA for all employer owned housing and copies of all drivers' licenses, vehicle registration, and insurance policies for all drivers and vehicles used to transport H-2A workers.

**I hereby acknowledge** that the agent or attorney identified in section E (if any) of the ETA Form 9142A and section A above is authorized to represent me for the purpose of labor certification and, by virtue of my signature in Block 5 below, I take full responsibility for the accuracy of any representations made by my agent or attorney.

**I declare** under penalty of perjury that I have read and reviewed this application and that to the best of my knowledge the information contained therein is true and accurate. *I understand that to knowingly furnish false information in the preparation of this form and any supplement thereto or to aid, abet, or counsel another to do so is a felony punishable by a $250,000 fine or 5 years in the Federal penitentiary or both (18 U.S.C. 1001).*

| 1. Last (family) name | 2. First (given) name | 3. Middle initial |
|---|---|---|
| ERICKSON | ROBERT | N/A |

| 4. Title |
|---|
| VICE PRESIDENT |

| 5. Signature | 6. Date signed |
|---|---|
| | |

### Public Burden Statement *(1205-0466)*

Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number. Public reporting burden for this collection of information is estimated to average 1 hour to complete the form and 20 minutes per response for all other H-2A information collection requirements, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. The obligation to respond to this data collection is required to obtain/retain benefits (Immigration and Nationality Act, 8 U.S.C. 1101, et seq.). Please send comments regarding this burden estimate or any other aspect of this information collection to the Office of Foreign Labor Certification * U.S. Department of Labor * Room C4312 * 200 Constitution Ave., NW, * Washington, DC * 20210 or by email ETA.OFLC.Forms@dol.gov. **Please do not send the completed application to this address.**

---

Case Number: H-300-16029-596074    Case Status: CERTIFIED    Period of Employment: 04/04/2016    to 11/12/2016



OMB Approval: 1205-0466
Expiration Date: 03/31/2016



H-2A Application for Temporary Employment Certification
ETA Form 9142A
**U.S. Department of Labor**

---

**ADDENDUM**

ADDENDUM SECTION F.a.5: Additional Notes Regarding Job Duties

onto the belt. The process is repeated. The cored lettuce is then carried down the belt to be dropped in a bin where employees inspect quality, core, remove loose leaves, and sort bin to capacity. Bins are constructed and sorted directly on the trailer on a pallet. Bins may weigh up to 50 lbs empty. Pallets may weigh up to 95 lbs empty, but is carried by two persons.

Specific to Bengard, Dole and Taylor Farms: Field worker to harvest romaine, mixed leaf and head lettuce. Employees cut, bag, pack, and load fresh romaine, head and mixed leaf lettuce in the field. Cutting is done by walking in uneven furrows behind a harvesting platform machine or belt. Under the direction of the field Supervisors, employees determine size and quality of the product to be harvested. Then, using a harvesting hand knife and bending at the waist, the employee cuts the head from the roots and trims the outer leaves from the head to prepare it to be placed into a carton or tote. Cutter places the product on a table for the packer to either or combination of; tie, spot wash, sort, wrapped, sealed and placed into a carton, tote or topped and cored placed in wash bucket then dumped onto belt. The cartons or totes for the product are constructed by unfolding and bending the material as designed to form a box. Carton is labeled and marked as required. The process is repeated. The cartons, totes or bins are then stacked onto pallets on the deck of the harvester or trailer. Cartons or totes with product can weigh up to 50 lbs. Empty bins Pallets can weigh up to 95 lbs but is carried by two persons.

Workers may occasionally and/or sporadically perform duties associated with and directly related to the primary duties. Such work will be temporary and insubstantial agricultural labor.

---

OMB Approval: 1205-0466
Expiration Date: 03/31/2016

H-2A Application for Temporary Employment Certification
ETA Form 9142A
**U.S. Department of Labor**



---

### ADDENDUM

ADDENDUM SECTION F.b.5: Special Requirements

frequently and able to use hand tools, including cutting knives. Must be able to work under conditions where skin and clothing become heavily soiled with mud, water, grease, etc. Must be able to work outdoors in inclement weather conditions, including rain, cold, high winds, etc. Work involves frequent bending and working in bent or stooped positions. Must be able to walk and stand up extensively. No smoking, alcohol, firearms in field or housing.

Work is performed in open fields and may involve exposure to mud, dust, wind, heat, cold, and other natural elements. Temperatures can range from 30 degrees Fahrenheit to over 100 degrees Fahrenheit during the period of employment. Workers should come prepared with appropriate clothing and footwear for the environmental and working conditions described.

This work may entail exposure to plant pollens, insects and noxious plants, and to fields and plant materials which have been treated with insect and/or disease control sprays. The employer will comply with all worker protection standards and re-entry restrictions applicable to pesticides and other chemicals used in the fields. Workers are also required to comply with all applicable worker protection standards and re-entry times. Workers must listen to, understand and follow instructions of company supervisors and managers.

Daily individual work assignments will be made by, and at the sole discretion of, the Company as the needs of the harvesting operation dictate. Workers will be assigned to specific worksites by the company.

Workers are expected to assist in maintaining work areas and company property in a neat and clean condition by not littering. Lunch must be eaten in the assigned area(s) away from the employee's work site.

Workers will be expected to comply with all provisions of this Clearance Order and the Company's work rules, policies and procedures, and to perform any and all assigned tasks in a work-person-like and efficient manner. Failure to do so will subject the worker to the employer's disciplinary procedures. Foothill Packing endeavors to produce a premium product. This is a demanding, competitive business. A high quality product is expected and demanded by our customers. Sloppy or improper work cannot, and will not, be tolerated.

All safety rules and instructions must be meticulously observed throughout the workday. All Foothill Packing rules and policies must be followed, to the extent that they do not conflict with the provisions of this Clearance Order and/or the U.S. Department of Labor's H-2A regulations. All Food Safety rules must be adhered to, including the wearing of, but not limited to, hairnets, beardnets, plastic gloves, aprons, sleeves. A copy of the applicable rules and policies will be provided to each worker on or before the first day of work. Failure to comply with the Company policies and/or meet expectations will result in the applications of disciplinary procedures, up to and including termination.

No non-workers will be permitted at the work sites or on Company property without the permission of the Company. Importantly, no non-working children may be present at or adjacent to the work site, or left in vehicles at or adjacent to the work site or in Company provided housing during the workday. Workers arriving to work with non-working children or other non-workers will be sent home.

Employees must not report for work, enter the work site or perform service while under the influence of or having used alcohol or any illegal controlled substance.

See Attachment A

---

OMB Approval: 1205-0466
Expiration Date: 03/31/2016

### H-2A Application for Temporary Employment Certification
### ETA Form 9142A
### U.S. Department of Labor



## ADDENDUM

#### ADDENDUM SECTION G.3: Additional Wage Information

worked. The Employer assures that the required wage rate will be paid during the entire period of the work contract (i.e. at the time that work is performed). Employer may pay a lower AEWR or prevailing hourly or piece rate as long as such rate remains the highest of the above rates at the time work is performed.

If the prevailing wage (hourly or piece rate) increases during the contract period, the employer will pay any higher rate after written notice is received from the Department of Labor. Notice can be in the form of a written letter or publication in the Federal Register.

Hourly Wage Guarantees: Workers will be guaranteed $11.89 per hour for work performed in California.

DOLE- CLEAN & CORE LETTUCE & TOP TAIL ROMAINE: clean & core are paid by the hour at the AEWR rate.

See Attachment A