Michael C. Saqui, Esq., SBN: 147853
Jennifer M. Schermerhorn, SBN: 225070
Rebecca A. Hause-Schultz, Esq., SBN: 292252
THE SAQUI LAW GROUP
*Counselors to Management*
1410 Rocky Ridge Drive, Suite 330
Roseville, California 95661
Telephone:     (916) 782-8555
Facsimile:      (916) 782-8565
Email:          JSchermerhorn@laborcounselors.com
                RHause-Schultz@laborcounselors.com

Attorneys for Defendant
FOOTHILL PACKING, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| JESUS ABRAHAM LOPEZ-GUTIERREZ, ALAN ULISES MEZA-LUGO, GUSTAVO CEJA-ALVARO, and PAULINO CORTEZ-VASQUEZ<br><br>Plaintiffs,<br><br>vs.<br><br>FOOTHILL PACKING, INC., and DOES 1 through 20,<br><br>Defendant. | Case No. 5:17-cv-05822 BLF<br><br>**DEFENDANT FOOTHILL PACKING, INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |

Defendant FOOTHILL PACKING, INC. (hereinafter "Defendant") by and through its attorneys of record hereby responds to the First Amended Complaint ("FAC") on file herein as follows:

### NATURE OF THE CASE

1.      In response to Paragraph 1, Defendant admits that it employed Plaintiffs as seasonal agricultural laborers during the 2016 and 2016-2017 lettuce seasons.  Defendant denies the remaining allegations in Paragraph 1.

///

1

**PARTIES**

2.     In response to Paragraph 2, Defendant admits the allegations therein.

3.     In response to Paragraph 3, Defendant admits the allegations therein.

4.     In response to Paragraph 4, Defendant admits the allegations therein.

5.     In response to Paragraph 5, Defendant lacks sufficient information to admit or deny allegations related to DOE Defendants or Plaintiffs' knowledge thereof, and therefore denies the allegations therein.

**VENUE**

6.     In response to Paragraph 6, Defendant admits that the Northern District of California, San Jose Division is the proper venue.

**FACTUAL ALLEGATIONS OF PLAINTIFFS**

7.     In response to Paragraph 7, Defendant admits the allegations therein.

8.     In response to Paragraph 8, Defendant admits the allegations therein.

9.     In response to Paragraph 9, Defendant admits the allegations therein.

10.     In response to Paragraph 10, Defendant admits that it submitted the referenced job orders to recruit and import foreign workers, like Plaintiffs, for the lettuce harvest. Defendant lacks sufficient information to admit or deny allegations related to DOE Defendants, and therefore denies the remaining allegations of this paragraph.

11.     In response to Paragraph 11, Defendant admits the allegations therein.

12.     In response to Paragraph 12, Defendant admits the allegations therein.

13.     In response to Paragraph 13, Defendant denies the allegations therein.

14.     In response to Paragraph 14, Defendant admits that the 2017 AEWR in California is $12.57.  Defendant denies the remaining allegations.

15.     In response to Paragraph 15, Defendant admits the allegations therein.

16.     In response to Paragraph 16, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations.

17.     In response to Paragraph 17, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies the

1    allegations.

2         18.    In response to Paragraph 18, Defendant admits the allegations therein.

3         19.    In response to Paragraph 19, Defendant admits the allegations therein.

4         20.    In response to Paragraph 20, Defendant denies the allegations therein.

5         21.    In response to Paragraph 21, Defendant denies the allegations therein.

6         22.    In response to Paragraph 22, Defendant denies the allegations therein.

7         23.    In response to Paragraph 23, Defendant denies the allegations therein.

8         24.    In response to Paragraph 24, Defendant is without sufficient knowledge or

9    information to form a belief as to the truth of the allegations.

10        25.    In response to Paragraph 25, Defendant is without sufficient knowledge or

11   information to form a belief as to the truth of the allegations.

12        26.    In response to Paragraph 26, Defendant denies the allegations therein.

13        27.    In response to Paragraph 27, Defendant denies the allegations therein.

14        28.    In response to Paragraph 28, Defendant denies the allegations therein.

15        29.    In response to Paragraph 29, Defendant denies the allegations therein.

16        30.    In response to Paragraph 30, Defendant denies the allegations therein.

17        31.    In response to Paragraph 31, Defendant denies the allegations therein.

18        32.    In response to Paragraph 32, Defendant denies the allegations therein.

19        33.    In response to Paragraph 33, Defendant denies the allegations therein.

20        34.    In response to Paragraph 34, Defendant denies the allegations therein.

21        35.    In response to Paragraph 35, Defendant denies the allegations therein.

22                          **FIRST CAUSE OF ACTION**

23            **(FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF**

24        **LABOR CODE 1182.12, 1194, 1197 AND I.W.C. WAGE ORDER 14)**

25        36.    In response to Paragraph 36, Paragraph 36 merely incorporates the previous

26   paragraphs and does not require an admission or denial. However, to the extent that it does,

27   Defendant hereby incorporates its admissions and denials in paragraphs 1 through 35 as if fully

28   stated here.

37.     In response to Paragraph 37, Defendant denies the allegations therein.

38.     In response to Paragraph 38, Defendant denies the allegations therein.

39.     In response to Paragraph 39, Defendant denies the allegations therein.

40.     In response to Paragraph 40, Defendant denies the allegations therein.

41.     In response to Paragraph 41, Defendant denies the allegations therein.

42.     In response to Paragraph 42, Defendant denies the allegations therein.

## SECOND CAUSE OF ACTION

### (LIQUIDATED DAMAGES FOR RELIEF TO PAY MINIMUM WAGE IN VIOLATION OF LABOR CODE 1194.2)

43.     In response to Paragraph 43, Paragraph 43 merely incorporates the previous paragraphs and does not require an admission or denial. However, to the extent that it does, Defendant hereby incorporates its admissions and denials in paragraphs 1 through 42 as if fully stated here.

44.     In response to Paragraph 44, Defendant denies the allegations therein.

45.     In response to Paragraph 45, Defendant denies the allegations therein.

46.     In response to Paragraph 46, Defendant denies the allegations therein.

## THIRD CAUSE OF ACTION

### (FOR FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF LABOR CODE 1194 AND WAGE ORDER 14)

47.     In response to Paragraph 47, Paragraph 47 merely incorporates the previous paragraphs and does not require an admission or denial. However, to the extent that it does, Defendant hereby incorporates its admissions and denials in paragraphs 1 through 46 as if fully stated here.

48.     In response to Paragraph 48, Defendant denies the allegations therein.

49.     In response to Paragraph 49, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations.

50.     In response to Paragraph 50, Defendant denies the allegations therein.

51.     In response to Paragraph 51, Defendant denies the allegations therein.

52.     In response to Paragraph 52, Defendant denies the allegations therein.

53.     In response to Paragraph 53, Defendant denies the allegations therein.

### FOURTH CAUSE OF ACTION

### (FOR FAILURE TO PROVIDE MEAL PERIODS IN VIOLATION

### OF LABOR CODE 226.7 AND WAGE ORDER NO. 14)

54.     In response to Paragraph 54, Paragraph 54 merely incorporates the previous paragraphs and does not require an admission or denial. However, to the extent that it does, Defendant hereby incorporates its admissions and denials in paragraphs 1 through 53 as if fully stated here.

55.     In response to Paragraph 55, Defendant denies the allegations therein.

56.     In response to Paragraph 56, Defendant denies the allegations therein.

57.     In response to Paragraph 57, Defendant denies the allegations therein.

58.     In response to Paragraph 58, Defendant denies the allegations therein.

59.     In response to Paragraph 59, Defendant denies the allegations therein.

### FIFTH CAUSE OF ACTION

### (FOR FAILURE TO PAY CONTRACTUAL WAGES DUE)

60.     In response to Paragraph 60, Paragraph 60 merely incorporates the previous paragraphs and does not require an admission or denial. However, to the extent that it does, Defendant hereby incorporates its admissions and denials in paragraphs 1 through 59 as if fully stated here.

61.     In response to Paragraph 61, Defendant denies the allegations therein.

62.     In response to Paragraph 62, Defendant admits the allegations therein.

63.     In response to Paragraph 63, Defendant admits the allegations therein.

64.     In response to Paragraph 64, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations therein.

65.     In response to Paragraph 65, Defendant denies the allegations therein.

66.     In response to Paragraph 66, Defendant denies the allegations therein.

67.     In response to Paragraph 67, Defendant denies the allegations therein.

68.     In response to Paragraph 68, Defendant denies the allegations therein.

## SIXTH CAUSE OF ACTION

## (FOR FAILURE TO FURNISH ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE 226)

69.     In response to Paragraph 69, Paragraph 69 merely incorporates the previous paragraphs and does not require an admission or denial. However, to the extent that it does, Defendant hereby incorporates its admissions and denials in paragraphs 1 through 68 as if fully stated here.

70.     In response to Paragraph 70, Defendant denies the allegations therein.

71.     In response to Paragraph 71, Defendant admits the allegations therein.

72.     In response to Paragraph 72, Defendant admits the allegations therein.

73.     In response to Paragraph 73, Defendant denies the allegations therein.

74.     In response to Paragraph 74, Defendant denies the allegations therein.

## SEVENTH CAUSE OF ACTION

## (FOR WAITING TIME PENALTIES PER LABOR CODE 201-203)

75.     In response to Paragraph 75, Paragraph 75 merely incorporates the previous paragraphs and does not require an admission or denial. However, to the extent that it does, Defendant hereby incorporates its admissions and denials in paragraphs 1 through 74 as if fully stated here.

76.     In response to Paragraph 76, Defendant denies the allegations therein.

77.     In response to Paragraph 77, Defendant admits the allegations therein.

78.     In response to Paragraph 78, Defendant denies the allegations therein.

79.     In response to Paragraph 79, Defendant denies the allegations therein.

///

///

///

DEFENDANT FOOTHILL PACKING, INC.'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT                                    Case No. 5:17-cv05822 BLF

**EIGHTH CAUSE OF ACTION**

**UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES**

**(CAL. BUS. & PROF. Code 17200-17208)**

80.     In response to Paragraph 80, Paragraph 80 merely incorporates the previous paragraphs and does not require an admission or denial. However, to the extent that it does, Defendant hereby incorporates its admissions and denials in paragraphs 1 through 79 as if fully stated here.

81.     In response to Paragraph 81, Defendant denies the allegations therein.

82.     In response to Paragraph 82, Defendant denies the allegations therein.

83.     In response to Paragraph 83, Defendant denies the allegations therein.

84.     In response to Paragraph 84, Defendant admits that Business and Professions Code sections 17200 *et seq*. prohibit unlawful, unfair, and fraudulent business practices but denies the remaining allegations therein.

85.     In response to Paragraph 85, Defendant denies the allegations therein.

86.     In response to Paragraph 86, Defendant denies the allegations therein.

87.     In response to Paragraph 87, Defendant denies the allegations therein.

88.     In response to Paragraph 88, Defendant denies the allegations therein.

89.     In response to Paragraph 89, Defendant admits that Business and Professions Code section 17203 provides that the Court may restore to an aggrieved party any money or property acquired by unlawful and unfair business practices but denies the remaining allegations therein.

90.     In response to Paragraph 90, Defendant denies the allegations therein.

**NINTH CAUSE OF ACTION**

**PRIVATE ATTORNEYS GENERAL ACT**

**(CAL. LABOR CODE 2699 ET SEQ.)**

91.     In response to Paragraph 91, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations.

92.     In response to Paragraph 92, Defendant admits the allegations therein.

7

93.     In response to Paragraph 93, Defendant denies the allegations therein.

94.     In response to Paragraph 94, Defendant admits that Plaintiffs were employed by Defendant but denies the remaining allegations therein.

95.     In response to Paragraph 95, Defendant admits the allegations therein.

96.     In response to Paragraph 96, Paragraph Defendant admits the allegations therein.

97.     In response to Paragraph 97, Defendant denies the allegations therein.

98.     In response to Paragraph 98, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations therein.

99.     In response to Paragraph 99, Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations therein.

100.    In response to Paragraph 100, Defendant denies the allegations therein.

## AFFIRMATIVE DEFENSES

Defendant sets forth below its affirmative defenses.  Each defense is asserted as to all claims against Defendant. By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.

Defendant reserves the right to amend or supplement its affirmative defenses and raise counterclaims as additional facts concerning its defenses become known to it, individually or collectively.

As separate and distinct affirmative defenses, Defendant alleges as follows:

1.      The FAC and each of its causes of action is barred by the applicable statute of limitations.

2.      Plaintiff Abraham Lopez Gutierrez and Alan Ulises Meza Lugo's Ninth Cause of Action for relief under the Private Attorneys General Act ("PAGA") is barred by the one-year statute of limitations that applies to penalties under California Code of Civil Procedure section

8

340(a), as Plaintiffs allege in their FAC that they started work for Defendant pursuant to the applicable H-2A Order on April 4, 2016 and Plaintiffs allege in the FAC that they did not send written notice of their claim to the LWDA as required by the PAGA until May 8, 2017, and failed to file the PAGA claim until October 4, 2017.

3.      The FAC and each of its causes of action is barred by Plaintiffs' failure to exhaust their administrative remedies or internal complaint processes, including but not limited to, those with the California Labor & Workforce Development Agency because allegations in the FAC fall outside the scope of those included in Plaintiffs' letter to the with the California Labor & Workforce Development Agency.

4.      Plaintiffs' Eighth Cause of Action is barred because any injuries or damages alleged by Plaintiffs, if any, were the result of new, independent, intervening, or superseding causes that are unrelated to any conduct of Defendant, and as a result, any action on the part of Defendant was not the proximate or producing cause of any alleged injuries or damages Plaintiffs claim to have suffered.

5.      The FAC, and each Cause of Action therein, is barred because Plaintiffs causes of action are all preempted by Article 1, Section 8 of the Constitution of the United States of America, commonly referred to as the Interstate Commerce Clause, 29 U.S.C. §254 (1996), commonly referred to as the Portal-to-Portal Act, 8 U.S.C. §1188 (2000), commonly known as the Immigration and National Act, as amended by the Immigration Reform and Control Act of 1986 (IRCA), 20 CFR §655.100 et seq., describing the Labor Certification Process for Temporary Agricultural Employment in the United States, and 29 CFR §501 et seq. describing the Enforcement of Contractual Obligations For Temporary Alien Agricultural Workers Admitted Under Section 218 of the Immigration and Nationality Act, in relation to Plaintiffs claims that they should have been compensated for travel time.

6.      Plaintiffs' Eighth Cause of Action is barred or substantially limited or reduced because the imposition of the relief, award, remedies, or damages sought by Plaintiffs would be inequitable and unjust as Defendant's business practices were consistent with those of the industry as a whole at all relevant times as alleged in the First Amended Complaint.

9

7.     The FAC, and each purported cause of action, is barred, in whole or in part, because the number of alleged overtime hours owed and number of alleged owed meal and rest periods are too speculative and uncertain.

8.     Plaintiffs' Eighth Cause of Action is barred because Defendant had proper reasons and justification for its business practices as Defendant's business practices were consistent with those of the industry as a whole at all relevant times as alleged in the First Amended Complaint.

9.     The FAC, and each Cause of Action contained therein, is barred because Plaintiffs were properly paid for all work time, but should it be determined that some hours of work were not properly paid, which is specifically denied, including Plaintiffs' allegations that they were not compensated for pre-work activities as alleged in the Frist Amended Complaint, then such amount was negligible and hence, was *de minimis*; the Court should not give cognizance to the amount and should deny any recovery for such claim.

10.     Plaintiffs' Eighth Cause of Action is barred because Plaintiffs are estopped from recovery in equity because Defendant's conduct was in reasonable reliance on federal, state, and local laws, guidelines, and enforcement including but not limited to those set forth by the Department of Labor, the California Labor Commissioner, Department of Industrial Relations - Division of Labor Standard Enforcement which misled Defendant.

11.     The FAC, and each Cause of Action contained therein, is barred as a result of unclean hands to the extent Plaintiffs improperly recorded or reported their work hours and/or meal and rest periods.

12.     The purported cause of action under the Private Attorneys General Act is barred to the extent Plaintiffs seek penalties beyond the "initial" violation as described in California Labor Code § 2699(f)(2).

13.     Plaintiffs are not entitled to recovery of penalties under the Private Attorneys General Act to the extent that such penalties are sought in addition to penalties for the same claims and such duplicative recovery is barred and constitutes unjust enrichment.

14.     Defendant reserves the right to assert additional affirmative defenses, as well as

10

claims for costs and fees against Plaintiffs. Defendant alleges that it may have additional defenses that cannot be articulated due to the Plaintiffs' failure to particularize their claims, and due to the fact that Defendant does not have copies of certain documents bearing on the Plaintiffs' claims and due to Plaintiffs' failure to provide more specific information concerning the nature of damages claimed and claims for certain costs which Plaintiffs alleged Defendant may share some responsibility.

## DEMAND FOR JURY TRIAL

Defendant FOOTHILL PACKING, INC., demands a trial by jury on all issues that may be tried by a jury.

## PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to any of the relief sought.

WHEREFORE, Defendant respectfully request that this Court:

1.    Enter judgment against Plaintiffs and in favor of Defendant;

2.    Dismiss the FIRST AMENDED COMPLAINT in its entirety, with prejudice;

3.    Decline to award the relief requested by Plaintiffs;

4.    Award Defendant its costs and reasonable attorneys' fees incurred in this action; and

5.    Dismiss Plaintiffs' Complaint as to the PAGA cause of action as untimely;

6.    Grant such other and further relief as the Court may deem just and proper.

DATED:  November 21, 2017                THE SAQUI LAW GROUP
                                         *Counselors to Management*


                                         By: /s/ Jennifer M. Schermerhorn
                                             Michael C. Saqui
                                             Jennifer M. Schermerhorn
                                             Rebecca A. Hause-Schultz
                                             Attorneys for Defendant
                                             FOOTHILL PACKING, INC.

1

## PROOF OF SERVICE

2

I am employed in the County of Placer, State of California.  I am over the age of eighteen

3

years and not a party to the within action.  My business address is 1410 Rocky Ridge Drive,

4

Suite 330, Roseville, California 95661.

5

On the date set forth below, I served a copy (copies) of the following document(s)

6

entitled:

7

to be served on the interested party(ies) or its/their attorney(s) of record in this action as follows:

8

**Attorneys for Plaintiffs:**

| | |
|---|---|
| Ana Vicente de Castro<br>Blanca A. Bañuelos<br>California Rural Legal Assistance, Inc.<br>3 Williams Road<br>Salinas, CA 93950<br>Tel. (831) 757-5221 \| Fax (831) 757-6212<br>avicente@crla.org<br>bbanuelos@crla.org | Dawson Morton<br>R. Erandi Zamora<br>Alexandra Revelas<br>2210 K Street, Suite 201<br>Sacramento, CA 95816<br>Tel. (916) 446-7904 \| Fax (916) 446-3057<br>dmorton@crlaf.org<br>ezamora@crlaf.org<br>arevelas@crlaf.org |
| Pamela Bridges<br>Amanda Marie Caldwell<br>Community Legal Services<br>305 S. 2nd Avenue<br>Phoenix, AZ 85003<br>Tel. (602) 258-3434 \| Fax (602) 258-3064<br>pbridge@clsaz.org<br>acaldwell@clsaz.org<br><br>***Attorney Pro Hac Vice*** | |

| | |
|---|---|
| X | **BY EMAIL OR ELECTRONIC TRANSMISSION.**  Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the document(s) to be sent from rhorne@laborcounselors.com to the person(s) at the email addresses listed in the service list.  The email or electronic transmission was sent on the date above at approximately 2:40 p.m. |
| X | **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. |

Executed on **November 21, 2017**, at Roseville, California.

_____/s/ Robin Horne_____
Robin Horne

DEFENDANT FOOTHILL PACKING, INC.'S ANSWER TO
PLAINTIFFS' FIRST AMENDED COMPLAINT

Case No. 5:17-cv05822 BLF