Ana Vicente de Castro, SBN 309958
Blanca A. Bañuelos, SBN 231585
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
3 Williams Road
Salinas, CA 93950
Telephone: (831) 757-5221
Facsimile: (831) 757-6212
avicente@crla.org

Attorneys for Plaintiffs Jesus Abraham
Lopez-Gutierrez and Alan Ulises Meza-Lugo

| | |
|---|---|
| R. Erandi Zamora, SBN 281929<br>CALIFORNIA RURAL LEGAL ASSISTANCE<br>FOUNDATION<br>2210 K Street, Suite 201<br>Sacramento, CA 95816<br>Telephone: (916) 446-7904<br>Facsimile: (916) 446-3057<br>ezamora@crlaf.org<br><br>Attorneys for Plaintiffs | Amanda Caldwell, SBN 0064237<br>Community Legal Services<br>305 S. 2nd Avenue<br>Phoenix, AZ 85003<br>Telephone: (602) 258-3434<br>Facsimile: (602) 258-3064<br>pbridge@clsaz.org<br><br>Attorneys for Plaintiffs Gustavo Ceja-Alvaro<br>and Paulino Cortez-Vazquez |

Michael C. Saqui, Esq., SBN: 147853
Jennifer M. Schermerhorn, Esq., SBN: 225070
Rebecca A. Hause-Schultz, Esq. SBN: 292252
THE SAQUI LAW GROUP
*Counselors to Management*
1410 Rocky Ridge Drive, Suite 330
Roseville, California 95661
Telephone:     (916) 782-8555
Facsimile:     (916) 782-8565
Email:         JSchermerhorn@laborcounselors.com
               Rhause-schultz@laborcounselors.com

Attorneys for Defendant Foothill Packing, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

1

| | |
|---|---|
| JESUS ABRAHAM LOPEZ-GUTIERREZ, ALAN ULISES MEZA-LUGO, GUSTAVO CEJA-ALVARO, and PAULINO CORTEZ-VASQUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>FOOTHILL PACKING, INC., AND DOES 1-20, INCLUSIVE,<br><br>Defendant. | Case No. 17-cv-05822-BLF<br>**JOINT CASE MANAGEMENT STATEMENT & RULE 26(F) REPORT**<br><br>**Hon. Beth Labson Freeman**<br>Date: December 21, 2017<br>Time: 11:00 a.m.<br>Ctrm: 3, 5th Fl. |

**CASE MANAGEMENT TATEMENT AND RULE 26(F) REPORT**

Plaintiffs JESUS ABRAHAM LOPEZ-GUTIERREZ, ALAN ULISES MEZA-LUGO, GUSTAVO CEJA-ALVARO, and PAULINO CORTEZ-VASQUEZ ("Plaintiffs") and Defendant FOOTHILL PACKING, INC. ("Foothill"), by and through their counsel, have met and conferred pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 16-9, and the Court's Order Setting Initial Case Management Conference and ADR Deadlines. Pursuant to the foregoing, the parties to the above-entitled action jointly submit this Joint Case Management Conference Statement and Rule 26(f) Report .

**1.      Jurisdiction & Service**

Defendant removed this case to this jurisdiction based on 28 U.S.C. Section 1331 (1980). Plaintiffs have not challenged removal. All the parties except DOES have been served and all responsive pleadings have been filed.

**2.      Facts**

Plaintiffs JESUS ABRAHAM LOPEZ-GUTIERREZ, ALAN ULISES MEZA-LUGO, GUSTAVO CEJA-ALVARO and PAULINO CORTEZ-VAZQUEZ are former field workers for Defendant Foothill Packing, Inc., a farm labor contractor, based in Salinas, California. Plaintiffs are all H-2A workers who allege that they worked in California during the 2016 and 2017 seasons harvesting lettuce for Defendant Foothill Packing, Inc. Plaintiffs allege they were not paid for all hours worked, including time waiting in the field before the start of the workday, for preparatory time and for mandatory

exercises. Plaintiffs JESUS ABRAHAM LOPEZ-GUTIERREZ, ALAN ULISES MEZA-LUGO allege that they were required to ride, wait on, or wait for Defendant's vehicles in excess of one and a half (1.5) hours per day for the duration of the 2016 season and were not compensated for this time. All Plaintiffs allege that Defendant prepared and calculated Plaintiffs' pay in a manner that violated California law. Plaintiffs JESUS ABRAHAM LOPEZ-GUTIERREZ, ALAN ULISES MEZA-LUGO filed this action on their and on other workers' behalf to vindicate their employee rights under the Private Attorney General Act (PAGA). Defendant denies that it violated any of Plaintiffs' rights, as alleged above.

      a. <u>Undisputed Facts</u>

Plaintiffs were employed through Defendant FOOTHILL PACKING, INC., as seasonal agricultural laborers during the 2016 and 2016-2017 lettuce seasons. Plaintiffs are H-2A workers from Mexico who were recruited by Defendant FOOTHILL PACKING, INC. to work in fields owned and operated by Defendant FOOTHILL PACKING, INC's clients. Defendant FOOTHILL PACKING, INC. submitted multiple job orders which were certified by the U.S. Department of Labor requesting workers for the 2016 and 2016-2017 lettuce seasons. Defendant FOOTHILL PACKING, INC. offered and Plaintiffs accepted employment under the terms of the H-2A orders. For work in California Plaintiffs were promised the higher of the contractual wages of $11.89 (during 2016) and $12.57 (during 2017) per hour, the prevailing wage or piece rate, or the state or federal minimum wage. Plaintiffs were paid by the hour and piece rate.

      b. <u>Principal Factual Disputes</u>

The parties disagree on the following factual issues:

a. Whether Defendant adequately compensated Plaintiffs for all "hours worked" as defined by Wage Order 14 and other applicable law.

b. Whether Plaintiffs were "required" to ride, wait on, or wait for Defendant's vehicles to travel from employer-housing to the fields.

c. Whether Plaintiffs were required to wait in the field prior to starting work without being compensated for that time.

d. Whether Plaintiffs were not compensated for pre-shift activities including, for example, disinfecting knives and donning gloves and aprons.

e. Whether Defendant provided Plaintiffs adequate meal and rest periods.

f. Whether Defendant required Plaintiffs to wash their hands and walk back to the field approximately ten minutes before the end of each meal period.

g. Whether, as a result of the alleged failure to compensate for all "hours worked," Plaintiffs are entitled to overtime premiums, contractual wages and associated Labor Code violations including failure to pay minimum wage in violation of Labor Code § 1194.2, Failure to provide accurate wage statements in violation of Labor Code § 226, waiting time penalties per Labor Code §§ 201-203, and unlawful and or unfair business practices pursuant to California Business and Professions Code §§ 17200-17208.

Defendant alone believes that these are disputed material facts:

h. Whether some portion or all of Plaintiffs' Lopez-Gutierrez and Meza-Lugo's claims under the Private Attorneys General Act ("PAGA") are barred by the one-year statute of limitations that applies to penalties under California Code of Civil Procedure section 340(a), as Plaintiffs failed to timely issue their PAGA letter to the LWDA or initiate their claim in a timely manner under the code.

i. Whether Plaintiffs adequately exhausted their administrative remedies including those with the California Labor and Workforce Development agency.

The parties recognize that discovery is ongoing and additional disputed facts may be discovered as discovery continues.

    c. <u>Statement of Legal Issues</u>

Plaintiffs contend that the following legal issues are before the Court:

a. Whether Defendant failed to record and pay Plaintiffs minimum and overtime wages for all compensable hours.

b. Whether Defendant is liable and failed to pay Plaintiffs JESUS ABRAHAM LOPEZ-GUTIERREZ, ALAN ULISES MEZA-LUGO for travel time, Morillion v. Royal Packing Co., 22 Cal. 4th 575, 995 P.2d 139, 94 Cal. Rptr. 2d 3, (2000);

c. Whether Defendant is liable and failed to pay Plaintiffs for time waiting in the field before the start of the workday, for preparatory time and for mandatory exercises (Industrial Welfare Commission Order No. 14-2001);

d. Whether Defendant's policies and practices of excluding compensable time waiting, exercising, preparatory and/or travel time from compensation deprived Plaintiffs from being compensated for all contractual wages;

e. Whether Defendant's policies and practices of excluding compensable time waiting, exercising, preparatory and/or travel time from compensation deprived Plaintiffs of being compensated the minimum wage;

f. Whether Defendant's policies and practices of excluding compensable time waiting, exercising, preparatory and/or travel time from compensation deprived Plaintiffs from being compensated overtime wages;

g. Whether Defendant failed to comply with the itemized wage statements provisions by failing to include travel time and time waiting in the field before the start of the workday, preparatory time and mandatory exercises in each of Plaintiffs' wage statement;

h. Whether Defendant willfully failed to timely pay compensation and wages owed and meal premium period pay to Plaintiffs upon separation from employment by not compensating Plaintiffs for time waiting, exercising, preparatory and/or travel time;

i. Whether Defendant violated the Private Attorney General Act; whether Plaintiffs are entitled to damages, including but not limited to unpaid wages, overtime wages, liquidated damages and other penalties; and whether Plaintiffs are entitled to injunctive relief.

Defendant categorically denies all such claims.

**4.     Motions**

Plaintiffs filed a motion to amend in the Superior Court of California, County of Monterey, which was granted. Plaintiffs will file a motion to strike some of the Defendant FOOTHILL PACKING, INC's affirmative defenses in their Amended Answer. Parties will file discovery motions as become necessary. Any party may file dispositive motions to resolve legal issues.

**5.     Amendment of Pleadings**

Plaintiffs' Position:

Plaintiffs propose 120 days (March 15, 2018) from the date of the Rule 26f conference for amendment of pleadings.  This date allows four months of discovery after any final amendments. Plaintiffs believe that discovery, which has just begun, may disclose additional Does who share liability in this matter and may also disclose additional claims, accordingly Plaintiffs believe it is prudent to allow sufficient time for amendments while not limiting a party's ability to defense or serve discovery.

Defendant's Position:

In order to prepare for the defense of this case and fully investigate Plaintiffs' claims, Defendant proposes that Plaintiffs' deadline to file any amendments to the First Amended Complaint occur by January 15, 2017 at the latest.

**6.     Evidence Preservation**

Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"). On November 15, 2017, Parties met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to be taken to preserve evidence relevant to the issues reasonably evident in this action. Plaintiffs agreed to preserve documentary and electronic evidence. Defendant FOOTHILL PACKING, INC. agreed to preserve documentary and electronic evidence with respect to all items potentially related to the issues involved in this action.

**7.     Disclosures**

Initial disclosure pursuant to Fed. R. Civ. P. 26 will take place on November 29, 2017.

**8.     Discovery**

Plaintiffs JESUS ABRAHAM LOPEZ-GUTIERREZ, ALAN ULISES MEZA-LUGO served Set One of Request for Production of Documents, to which and Defendant FOOTHILL PACKING, INC. has recently answered.  Plaintiff JESUS ABRAHAM LOPEZ-GUTIERREZ served Set Two of Requests for Production of Documents.

Parties have agreed that service of Request for Admissions to authenticate documents will be mutually acceptable outside the discovery period.

The scope of the discovery is Plaintiffs' payroll records encompassing four years back from filing of this lawsuit and payroll records for aggrieved employees covered by PAGA encompassing one year back from the date of the mailing of the Notice of Labor Law Violations to the Labor and Workforce Development Agency and Defendant FOOTHILL PACKING, INC. on May 8, 2017.

An identified discovery dispute is the scope of the disclosure of PAGA aggrieved employees' information. Plaintiffs argue that they are entitled to the names, contact information and payroll records of non-exempt employees employed during the PAGA relevant period. *Williams v. Superior Court*, 3 Cal. 5th 531, 220 Cal. Rptr. 3d 472, 398 P.3d 69 (2017). Defendant FOOTHILL PACKING, INC. argues that Plaintiffs are not entitled to aggrieved employees names and contact information without issuing a proper Belaire notice. *See Belaire-West Landscape, Inc. v. Superior Court (Rodriguez)* 149 Cal.App.4th 554 (2007).

**9.     Class Actions**

Not Applicable. This is not a class action.

**10.     Related Cases**

Plaintiffs are not aware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body. Parties are aware of a settlement that took place in 2016 in *Isidro Perez Silva v. Foothill Packing, Inc.*, involving similar wage and hour issues in a different time frame.

**11. <u>Relief</u>**

Plaintiffs seek unpaid contractual, minimum and overtime wages, according to proof, plus interest on that amount. Plaintiffs seek liquidated damages in an amount equal to the amount of unpaid minimum wages. Plaintiffs seek meal premium wages to be calculated at one hour pay at the contractually promised hourly wage or Plaintiffs' average hourly piece rate earning for that period, whoever is higher, for each day workday that Plaintiffs worked five or more hours. Plaintiffs further seek statutory damages for failure to provide accurate itemized wage statements, in an amount to be proven at trial, or in the alternative, $50.00 for the first violation and $100.00 for each subsequent violation up to a maximum of $4,000. Penalties for failure to pay compensation due at time of discharge in an amount of thirty (30) days' wages at the higher of Plaintiffs' average hourly piece rate earning or the contractually mandated hourly wages for each season. Plaintiffs seek to recover civil penalties including underpaid wages for themselves and other aggrieved employees under PAGA. Monetary damages as allowed under California Business and Professions Code §§ 17200 *et seq*. Plaintiffs seek injunctive relief, such as change of policies and training of supervisory personnel on the new policies to correct past and prevent future violations of California Labor Code. Plaintiffs will also seek Attorney's Fees and Costs.

Plaintiffs are unable to state with certainty the amounts owed by Defendant because of Plaintiffs' lack of access to information necessary for such calculations, including but not limited to documents and other evidence reflecting hours worked and wages paid, the number of required meal periods not provided, and the number of persons who separated from employment without being paid wages due. Most of this information is under the control of Defendant. Accordingly, Plaintiffs must conduct discovery and additional informal investigation on these issues before they can provide an estimate of the monetary relief sought.

**12. <u>Settlement and ADR</u>**

Parties discussed ADR options at the 26(f) conference and discussed scheduling a private mediation as well as court-program mediation for June 2018, as well as court-program mediation. Plaintiffs require full discovery before mediation.

**13. Consent to Magistrate Judge for All Purposes**

The parties do not consent to have a magistrate judge conduct further proceedings.

**14. Other References**

The parties do not believe this case is suitable for references.

**15. Narrowing of Issues**

Given that this litigation is in its early stages, the parties have no proposal for narrowing the issues at the present. Bifurcation of issues may be necessary because equitable relief is requested in this action, the parties have agreed to discuss any potential bifurcation as the case progresses.

**16. Expedited Trial Procedure**

The parties do not believe this case can be handled on an expedited basis with streamlined procedures.

**17. Scheduling**

Proposed dates:

1. Designation of Plaintiffs' experts: May 15, 2018.
2. Designation of Defendant's experts: May 25, 2018.
    a. Rebuttal experts: 40-days from date of designation.
3. Discovery cut-off: July 16, 2018
4. Deadline to file motion for summary judgment: September 29, 2018.
5. Pretrial conference: November 15, 2018.

**18. Trial**

Parties have demanded jury trial but there are equitable causes of action in this case so bifurcation will be required. Expected length of the trial is one to two weeks; parties should be able to give a better estimate after the end of the discovery period.

**19. Disclosure of Non-party Interested Entities or Persons**

Parties have filed the Certificate of Interested Entities or Persons and had no non-party interested entities to disclose.

**20.** **Professional Conduct**

All attorneys of records for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.** **Other**

None known.

DATED: November 29, 2017        ____/s/_____
                                Ana Vicente de Castro
                                CALIFORNIA RURAL LEGAL ASSISTANCE
                                Attorneys for Plaintiffs

DATED: November 29, 2017        ____/s/_____
                                Jennifer M. Schermerhorn
                                Rebecca A. Hause-Schultz
                                SAQUI LAW GROUP
                                Attorneys for Defendant

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1(i)(3)

I, Ana Vicente de Castro, attest that I have obtained the concurrence of Blanca A. Bañuelos, R. Erandi Zamora, and Amanda Caldwell, counsel for the Plaintiffs; and Michael C. Saqui, Jennifer M. Schermerhorn, and Rebecca A. Hause-Schultz, counsel for Defendant, for the filing of this Joint Case Management Statement and Rule 26(f) Report. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29 day of November, 2017, at Salinas, California.

                                           CALIFORNIA RURAL LEGAL ASSISTANCE, INC.

                                           By: _____/s/_____
                                           Ana Vicente de Castro
                                           Attorneys for Plaintiffs