Ana Vicente de Castro, SBN 309958
Blanca A. Bañuelos, SBN 231585
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
3 Williams Road
Salinas, CA 93950
Telephone: (831) 757-5221
Facsimile: (831) 757-6212
avicente@crla.org

Attorneys for Plaintiffs Jesus Abraham
Lopez-Gutierrez and Alan Ulises Meza-Lugo

R. Erandi Zamora, SBN 281929
CALIFORNIA RURAL LEGAL ASSISTANCE FOUNDATION
2210 K Street, Suite 201
Sacramento, CA 95816
Telephone: (916) 446-7904
Facsimile: (916) 446-3057
ezamora@crlaf.org

Attorneys for Plaintiffs

Amanda Caldwell, SBN 0064237
Community Legal Services
305 S. 2nd Avenue
Phoenix, AZ 85003
Telephone: (602) 258-3434
Facsimile: (602) 258-3064
acaldwell@clsaz.org

Attorneys for Plaintiffs Gustavo Ceja-Alvaro and Paulino Cortez-Vazquez

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| JESUS ABRAHAM LOPEZ-GUTIERREZ, ALAN ULISES MEZA-LUGO, GUSTAVO CEJA-ALVARO, and PAULINO CORTEZ-VASQUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>FOOTHILL PACKING, INC., AND DOES 1-20, INCLUSIVE,<br><br>Defendant. | Case No. 17-cv-05822-BLF<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE PARTS OF DEFENDANT'S AMENDED ANSWER TO FAC**<br><br>Judge: Hon. Beth Labson Freeman<br>Date: May 17, 2018<br>Time: 9:00 a.m. |

## I. Introduction

Prior to filing their Motion to Strike First, Fifth, Ninth, and Fourteenth Affirmative Defenses in Defendant's Amended Answer, Plaintiffs met and conferred with Defendant, asking that it withdraw these defenses. (Doc. 36-1 ¶¶ 2-6). Defendant declined, forcing Plaintiffs to spend time and resources briefing the issues. Now, Defendant's opposition fails to even argue two of the defenses were proper, defending only the preemption (Fifth) and *de minimis* (Ninth) defenses. These defenses remain insufficient, and the number of defenses first plead and now dropped by Defendant, (47 dropped in total) (*See* Doc. 36-1 ¶¶ 2-6; Doc. 41) is telling. Of these remaining defenses, the *de minimis* defense, simply states the uncompensated time was negligible but it fails to allege any supporting facts and to assert how it was administratively impossible to record the time, both, which are required to assert the defense. Moreover, Defendant cannot plausibly allege that Plaintiffs' claims of uncompensated time, which average well over an hour per day for most of the year, (Doc. 36 at 7), are administratively impossible to record and therefore *de minimis*. Thus, the defense also fails as a matter of law.

Finally, Defendant's preemption argument fails. The Portal-to-Portal Act does not apply, by its own terms, and both it and the H-2A regulatory scheme contemplate additional state and local worker protections.

## II. Argument

### a. Defendant's De Minimis Defense is not Pled with the Requisite Specificity and Fails as a Matter of Law

Defendant's Opposition to Plaintiffs' Motion to Strike argues that its Ninth Affirmative Defense "puts Plaintiffs on fair notice … [that] to the extent that Plaintiffs performed work that was not compensated, such activity was negligible in nature." (Doc. 41 at 9). However, as Plaintiffs' motion explained (Doc. 36 at 6-7), the defense simply fails to plead any factual basis, therefore it falls short of "*Twombly* and *Iqbal's* reconceptualization of fair notice pleading," which as recognized by

this district applies to affirmative defenses. *Perez v. Gordon & Wong Law Grp., P.C.*, 2012 U.S. Dist. LEXIS 41080, at *22 (N.D. Cal. Mar. 26, 2012) (citations omitted).

Defenses are insufficiently plead if they "merely state legal conclusions without pleading any supporting facts." *Bottero v. Hoya Corp.*, 2015 U.S. Dist. LEXIS 47740, at *5-6 (N.D. Cal. Apr. 10, 2015); *Perez v. Gordon & Wong Law Grp., P.C.*, 2012 U.S. Dist. LEXIS 41080, at *20 (N.D. Cal. Mar. 26, 2012) ("A pleading that offers 'labels and conclusion' or 'a formulaic recitation of the elements of a cause of action will not do"). Defendant here argues that its affirmative defense "plainly states that the amount of alleged compensable time is negligible and thus that the aggregate amount is *de minimis*" (Doc. 41 at 10). First, Defendant's Amended Answer makes no mention about "aggregate" time. (*See* Doc. 17 at 9). More importantly, both the Amended Answer and the opposition to this motion fail to do little more than state two legal terms without a factual basis or reason why those concepts might apply here.

As plead, Defendant's affirmative defense fails to show how the uncompensated time claimed by Plaintiffs could be *de minimis* and thus leaves Plaintiffs to guess the basis for the defense.[1] *Camacho v. Jefferson Capital Sys., LLC*, 2014 U.S. Dist. LEXIS 141216, at *5-6 (N.D. Cal. Oct. 2, 2014) (striking a defense that "fails to plead any facts that would permit Plaintiff to 'ascertain the basis for these affirmative defenses'"). Along with not alleging how the uncompensated time was negligible, Defendant does not allege *if, or how* it was administratively unable to record the time. *See*

---

[1] Contrary to Defendant's argument (Doc. 41 at 9), the fact that Plaintiffs are aware of the Ninth Circuit's legal standard for *de miminis* defenses does not mean that Plaintiffs have fair notice as to the facts upon which Defendant bases its Ninth Defense or how that legal standard would apply here. Defendant's pleading obligations were to show just that—a task obviously not met in their Amended Answer. *See Miller v. Ghirardelli Chocolate Co.*, 2013 U.S. Dist. LEXIS 86417, at *8-9 (N.D. Cal. June 19, 2013) ("a series of conclusory statements asserting the existence of an affirmative defense without stating a reason why that affirmative defense might exist" is not sufficient).

*Lindow v. United States*, 738 F.2d 1057, 1062-63 (9th Cir. 1984) ([e]mployers . . . must compensate employees for even small amounts of daily time unless that time is so miniscule that it cannot, as an administrative matter, be recorded). Furthermore, the affirmative defense does not provide <u>any</u> facts as to whether Defendant alleges that an *individual* Plaintiff's claim or the aggregate claims of *the entire PAGA class* are negligible, or whether Defendant refers to *daily* uncompensated time or to the *aggregate* claims for the entire duration of claim period. *Compare* (Doc. 17 at 10) *with Lindow,* 738 F.2d at 1062-63 (establishing a three-prong test for de minis defenses: "(1) the practical administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity of the additional work."). As such, the defense is insufficiently plead.

Finally, the defense fails as a matter of law, as it is not applicable to claims of substantive amounts of unpaid wages.[2] Plaintiffs allege that Defendant did not compensate them and other workers for travel time, preparatory work, or exercises in excess of one hour per day for most of the year. (Doc. 36 at 7). The H-2A work orders at issue were certified for 235 and 254 workers, totaling 489 workers. Defendant has put forth no facts to the contrary, and cannot reasonably allege that the claims of 489 workers are *de minimis*. *See Lindow v. United States*, 738 F.2d 1057, 1063 (9th Cir. 1984) (noting "[c]ourts have granted relief for claims that might have been minimal on a daily basis but, when aggregated, amounted to a substantial claim.") (citing *Addison v. Huron Stevedoring Corp.*, 204 F.2d 88, 95 (2d Cir.) (holding less than $1.00 per week not *de minimis*), *cert. denied*, 346 U.S. 877 (1953); *Glenn L. Martin Nebraska Co. v. Culkin*, 197 F.2d 981, 987 (8th Cir.) (holding 30 minutes per day over 1 1/2 years not *de minimis*), *cert. denied*, 344 U.S. 866 (1952); *Landaas v. Canister Co.*, 188

---

[2] The *de minimis* doctrine arose under the Fair Labor Standard Act, not under the California Labor Code, upon which Plaintiffs base their claims. While Plaintiffs' position is that the *de minimis* doctrine does not apply to their California Labor Code causes of action, as of the date of this brief, that question remains pending before the California Supreme Court upon the request of the Ninth Circuit. *See Troester v. Starbucks Corp.*, Case No. S234969.

F.2d 768, 771 (3d Cir. 1951) (holding $21.67 to $256.88 per week of unpaid wages over 3 years not *de minimis*); *Schimerowski v. Iowa Beef Packers, Inc.*, 196 N.W.2d 551, 555-56 (Iowa 1972) (finding 15 minutes per day, amounting to verdicts ranging from $248.04 to $508.44, not *de minimis*)).

### b. Defendant's Preemption Argument Fails as Matter of Law

Defendant's Fifth Affirmative Defense, arguing that federal law preempts Plaintiffs' California Labor Code and contract claims for unpaid compulsory travel time should be stricken. First, the federal immigration scheme that regulates the H-2A program specifically requires that H-2A employers, like Defendant, comply with applicable state laws. 20 C.F.R. § 655.135(e) (requiring that employers comply with all applicable state and local laws and regulations). Federal and state courts have recognized that H-2A employers must comply with state law. *See e.g. Ruiz v. Fernandez*, 2012 U.S. Dist. LEXIS 58586, at *10 (E.D. Wash. Apr. 26, 2012) (rejecting defendant's argument that federal immigration law preempted Washington state law breach of contract claim and the other state law causes of action); *Jones v. Tri-County Growers*, 179 W. Va. 218, 366 S.E.2d 726 (1988) (allowing agricultural guestworkers' claims under the state wage payment act to go forward).

Secondly, requiring H-2A employers to comply with California law would support the purpose of federal immigration law to protect U.S. workers. *See Alfred L. Snapp & Son v. Puerto Rico*, 458 U.S. 592, 596 (1982) (recognizing that the "obvious point" of the federal framework is to give U.S. workers assurances that they will be given a preference over foreign workers for jobs available, they will not be discriminated against in favor of foreign workers, and that bringing foreign workers will not be detrimental to their working conditions). Prior to allowing an employer to bring H-2A guestworkers, the Department of Labor must certify that employment of H-2A workers "will not adversely affect the wages and working conditions of workers in the United States similarly employed." 8 U.S.C. § 1188(a)(1)(B). Relieving H-2A employers from having to comply with

PLAINTIFFS' REPLY ISO OF PLAINTIFFS' MOTION TO STRIKE PARTS OF DEFENDANT'S AMENDED ANSWER TO FAC

*Lopez-Gutierrez et al.v. Foothill Packing, Inc*. Case No. 5:17-cv05822 BLF

California law would create an incentive for employers to hire H-2A workers over U.S. workers, and would therefore detract from one of the principal safeguards of the H-2A program.

Moreover, as Plaintiffs note in their opening brief, (Doc. 36 at 7-9), the Portal to Portal Act, to which Defendant cites, applies to claims under three specific federal statutes, none of which are plead in this proceeding. 29 U.S.C. § 254 (relieving employers for travel time pay liability under the Fair Labor Standards Act, the Walsh-Healey Act, and the Bacon-Davis Act). Notably, the Portal to Portal Act contemplates two exceptions where employers must pay for travel time: (1) under express contract or (2) where travel time pay is custom. 29 U.S.C. § 254(b). As compulsory travel time pay is mandatory in California, the application of California law to Plaintiffs' claims would be consistent, not in conflict, with federal law. See *Morillion v. Royal Packing Co.*, 22 Cal.4th 575, 587, (2000) (holding that "compulsory travel time is compensable as 'hours worked.'") Lastly, as the Ninth Circuit has explained, the "traditional powers of the states . . . are not superseded by federal acts unless that was the clear and manifest purpose of Congress." *Pacific Merchant Shipping Ass'n v. Aubry*, 918 F.2d 1409, 1419 (9th Cir. 1990), (*quoting Pettis Moving Co. v. Roberts*, 784 F.2d 439, 441 (2d Cir. 1986)).

### III.   Conclusion

Plaintiffs respectfully request that the court strike the First, Fifth, Ninth, and Fourteenth Affirmative Defenses in Defendant's Amended Answer.

Respectfully submitted,

Dated: January 29, 2018

CALIFORNIA RURAL LEGAL
ASSISTANCE FOUNDATION

By: /s/ R. Erandi Zamora
R. Erandi Zamora
Attorney for Plaintiffs