Ana Vicente de Castro, SBN 309958
Blanca A. Bañuelos, SBN 231585
CALIFORNIA RURAL LEGAL ASSISTANCE, INC.
3 Williams Road
Salinas, CA 93950
Telephone:  (831) 757-5221
Facsimile:  (831) 757-6212
avicente@crla.org
bbanuelos@crla.org

*Attorneys for Plaintiffs Jesus Abraham Lopez-Gutierrez and Alan Ulises Meza-Lugo*

R. Erandi Zamora, SBN 281929
CALIFORNIA RURAL LEGAL
ASSISTANCE FOUNDATION
2210 K Street, Suite 201
Sacramento, CA 95816
Telephone:  (916) 446-7904
Facsimile:   (916) 446-3057
ezamora@crlaf.org

*Attorneys for Plaintiffs*

Amanda Caldwell, SBN 0064237
COMMUNITY LEGAL SERVICES
305 S. 2nd Avenue
Phoenix, AZ 85003
Telephone: (602) 258-3434
Facsimile: (602) 258-3064
acaldwell@clsaz.org

*Attorneys for Plaintiffs Gustavo Ceja-Alvaro and Paulino Cortez-Vazquez*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION**

| | |
|---|---|
| JESUS ABRAHAM LOPEZ-GUTIERREZ, ALAN ULISES MEZA-LUGO, GUSTAVO CEJA-ALVARO, and PAULINO CORTES-VASQUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>FOOTHILL PACKING, INC, AND DOES 1-20, INCLUSIVE,<br><br>Defendants. | Case No. 17-cv-05822-BLF<br><br>**PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>Date: March 29, 2018<br>Time: 9:00 am<br>Court Room: 3<br>Judge: Hon. Beth Labson Freeman |

To Defendants FOOTHILL PACKING, INC, and DOES 1-20, INCLUSIVE:

NOTICE IS HEREBY GIVEN that on March 29, 2018 at time 9:00 am, or as soon thereafter as the matter be heard, in Courtroom 3, 5th Floor, of the San Jose Courthouse, located at 280 South 1st Street, San Jose, California, Plaintiffs JESUS ABRAHAM LOPEZ-GUTIERREZ, ALAN ULISES MEZA-LUGO, GUSTAVO CEJA-ALVARO, and PAULINO CORTEZ-VASQUEZ, will and hereby do request leave of court to file a Second Amended Complaint (hereafter "SAC") pursuant to Federal Rules of Civil Procedure 15 and 20. Amendment is necessary to (1) add seven new Plaintiffs with substantively similar claims, (2) add a few facts to Plaintiffs CEJA-ALVARO and CORTES-VASQUEZ claims, (3) add language in the PAGA relief section, (4) correct Plaintiff CORTES-VASQUEZ's last name, and (5) fix pages in the Exhibit B to the First Amended Complaint. The Plaintiffs submit that it is in the interest of justice and judicial economy to allow this SAC to be filed.

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the declaration of Ana Vicente de Castro, the attached exhibits, the records and file herein, and on such evidence as may be presented at the hearing of the Motion.


Date: February 20, 2018.                    Respectfully Submitted,

                                            CALIFORNIA RURAL LEGAL ASSISTANCE, INC.

                                            __/s/ Ana Vicente de Castro _____
                                            Ana Vicente de Castro
                                            Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This action was originally brought by temporary foreign agricultural laborers JESUS ABRAHAM LOPEZ-GUITERREZ and ALAN ULISES MEZA-LUGO, on behalf of themselves as individuals. Plaintiffs LOPEZ-GUTIERREZ and MEZA-LUGO filed the original complaint in this action on May 4, 2017, in the Superior Court of California County of Monterey alleging that the terms of their work under an H-2A job order submitted through Defendant FOOTHILL PACKING, INC. violated numerous provisions of the California Labor Code, as well as the job order they were working under, and, ultimately, subjected them to unlawful working conditions. These conditions consisted of working hours that were not recorded or compensated by Defendant FOOTHILL PACKING, INC. at either the minimum wage, the normal wage rate owed pursuant to the job order or, where applicable, at the overtime rate required by California law. Similarly, Defendants failed to provide timely and adequate meal and rest periods, or provide compensatory premium pay when due.

Due to these systemic violations, Plaintiffs assert that Defendant FOOTHILL PACKING, INC. is engaged in unfair business practices in violation of California Business and Professions Code §§ 17200 *et. seq*. Plaintiffs have requested all available relief- including injunctive relief, penalties, and attorneys' fees based on the above-mentioned violations of law.

Plaintiffs LOPEZ-GUTIERREZ and MEZA-LUGO were granted leave of court to add a ninth cause of action under the Private Attorney General Act (PAGA) and two new Plaintiffs GUSTAVO CEJA-ALVARO and PAULINO CORTEZ-VAZQUEZ through their First Amended Complaint (FAC). Plaintiffs now seek to add seven individuals who experienced

3

PLAINTIFFS' MOTION FOR LEAVE TO FILE   *Lopez-Gutierrez et al.v. Foothill Packing, Inc*.
SECOND AMENDED COMPLAINT   Case No. 5:17-cv05822 BLF

substantially similar treatment when employed through Defendant FOOTHILL PACKING, INC. in California around the same time. Plaintiffs also seek to add facts to Plaintiffs CEJA-ALVARO and CORTES-VASQUEZ claims, to add language to the PAGA relief section, to correct Plaintiff CORTES-VASQUEZ's last name and to fix pages in the Exhibits to the Complaint. It is in the interest of justice and judicial economy for the Court to grant leave to amend, as it will allow claims flowing from the same or similar facts to be brought against FOOTHILL PACKING, INC. and heard in a single action.

## I. FACTS
### a. Relevant Procedural Status of the Case

Plaintiffs LOPEZ-GUTIERREZ and MEZA-LUGO filed their original complaint with the Court on May 4, 2017 in the Superior Court of California Monterey County. (Declaration of Ana Vicente de Castro (hereafter "Vicente Decl.") ¶ 2. On September 22, 2017, the Superior Court granted leave to amend the complaint to add Plaintiffs CEJA-ALVARO, and CORTEZ-VASQUEZ, and to add a PAGA cause of action. (Id. ¶ 3). Defendants removed the action to the United States District Court of the Northern District of California on October 10, 2017. (Id ¶ 4). This Court issued a Case Management Order on December 21, 2017 setting the deadline for joinder of any additional parties, or other amendments to the pleadings, sixty days after entry of the order. (Id. ¶ 5). Plaintiffs now move to amend the FAC pursuant to Fed. R. Civ. P. 15 and 20 within the time allowed by this Court.

### b. Proposed Plaintiffs Have Substantively Similar Claims as Those Pled in the Original Complaint.

Plaintiffs LOPEZ-GUTIERREZ, MEZA-LUGO, CEJA-ALVARO and CORTEZ-VAZQUEZ seek to add LUIS MANUEL VALDEZ-MARTINEZ, JUALIAN GARCIA-REYES,

ARMANDO BELMONTE-MEJIA, JORGE LUIS CERVANTES-ESPINOZA, JAVIER CASTILLO-PADILLA, JUAN LEONARDO NUNEZ-MUNOZ, JESUS ESAUL CASTILLO-PADILLA (hereafter collectively called "Proposed Plaintiffs") as individual Plaintiffs to this action. Proposed Plaintiffs were employed by Defendant FOOTHILL PACKING, INC. under the job order certified as H-300-16267-845034 for work in Imperial County, California. Like Plaintiffs, Proposed Plaintiffs worked for Defendant FOOTHILL PACKING, INC. harvesting lettuce and were subject to similar unlawful conditions, including uncompensated work (consisting of waiting time, preparatory time, time exercising and other off-the-clock hours), unpaid minimum wages and overtime, failure to pay contractual wages, provision of inadequate meal periods without compensatory premium pay, inadequate check stubs, and related penalties. Thus, though the SAC includes some additional facts, it has not been substantively re-pled to encompass the claims of proposed Plaintiffs. (Vicente Decl. ¶ 8).

Plaintiffs LOPEZ-GUTIERREZ and MEZA-LUGO submitted their letter giving notice of their intent to pursue claims under PAGA on behalf of other aggrieved employees to the Labor Workforce Development Agency (LWDA) and Defendant FOOTHILL PACKING, INC. on May 8, 2017. (Vicente Decl. ¶ 12.) Thus, it is not a surprise to Defendant FOOTHILL PACKING, INC. that there were other aggrieved workers that could potentially join this action.

### c. Plaintiffs Seek to Add Some Facts to Plaintiffs CEJA-ALVARO and CORTES-VASQUEZ's claims

Plaintiffs CEJA-ALVARO and CORTES-VASQUEZ were added to this action on September 22, 2017. Facts about these Plaintiffs' uncompensated time exercising, waiting at the fields at the beginning of the workday and waiting for transportation were mistakenly omitted in

the FAC. (Id. ¶ 9). These are not new facts to this action, these facts were pled for Plaintiffs LOPEZ-GUTIERREZ and MEZA-LUGO. (Id.). Plaintiffs now ask to add these facts for all Plaintiffs in the SAC.

### d. Plaintiffs Seek to Add Language to the PAGA Relief Section

On September 22, 2017, Plaintiffs were granted leave of court to amend the complaint and add a PAGA cause of action. (Id. ¶ 3). Plaintiffs requested award of civil penalties under Labor Code §§ 203, 210, 226.3, 558, 1174.5, 1197.1, 2699(f), and 2810(g). (Id ¶ 10). Plaintiffs now seek to add language to the relief section describing the distribution of the civil penalties to the LWDA and aggrieved workers under the sections mentioned above. (Id. ¶ 11).

### e. Plaintiffs Seek to Correct Plaintiff CORTES-VASQUEZ's Last Name

Plaintiff PAULINO CORTES-VASQUEZ was added to this action on September 22, 2017. One of the letters in his last name was misspelled in the FAC. (Id. ¶ 12). The name that appears in the FAC is PAULINO CORTEZ-VASQUEZ but the correct name is PAULINO CORTES-VASQUEZ. (Id.). Plaintiffs now request to correct Plaintiff CORTES-VASQUEZ's last name in the SAC and caption of this action.

### f. The Meet and Confer Process

On February 15, 2018, Plaintiffs informed Defendant they were planning to add additional Plaintiffs to this case. (Id. ¶ 15).  On February 16, 2018, Plaintiffs sought Defendant's consent to the proposed amendments. (Id. ¶ 16).  Defendant's counsel declined on February 20, 2018, resulting in this motion. (Id. ¶ 17).

///

///

6

PLAINTIFFS' MOTION FOR LEAVE TO FILE                   *Lopez-Gutierrez et al.v. Foothill Packing, Inc.*
SECOND AMENDED COMPLAINT                               Case No. 5:17-cv05822 BLF

## II. LEGAL STANDARD

After a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has held that leave to amend should be liberally granted, *Foman v. Davis*, 371 U.S. 178, 182 (1962), and the Ninth Circuit has consistently applied that standard. *See United States v. United Healthcare Ins. Co.*, 848 F.3d 1161 (9th Cir. 2016), *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143 (9th Cir. 2011); *Leadsinger, Inc. v. BMG Music Pub.,* 512 F.3d 522, 532 (9th Cir. 2008); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 712 (9th Cir. 2001). The motion should normally be granted unless there is a substantive reason to deny it, "such as undue delay, bad faith or dilatory motive on the part of the movant, ... undue prejudice ... , [or] futility of amendment." *Foman*, 371 U.S. at 182 (internal quotations omitted); *Grayson*, 79 F.3d at 1110; *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.").

Plaintiffs' motion seeks to join seven additional Plaintiffs to existing claims in this case. Under Rule 20(a), a district court may join a plaintiff where the claims arise out of the same transactions or occurrences, and where any question of law or fact common to all the plaintiffs will arise in the case. Fed. R. Civ. P 20(a); *see Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000). The joinder of additional parties is "strongly encouraged" under the Rules. *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966) (superseded in non-relevant part by 28 U.S.C. §1367). Joinder is encouraged because "the central purpose of Rule 20 is to promote trial

7

PLAINTIFFS' MOTION FOR LEAVE TO FILE　　　　　　　　　*Lopez-Gutierrez et al.v. Foothill Packing, Inc*.
SECOND AMENDED COMPLAINT　　　　　　　　　　　　　　Case No. 5:17-cv05822 BLF

convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander*, 207 F.3d at 1323. Given nearly complete overlap between the existing claims in this case and those asserted by the seven new Plaintiffs, it is in the interest of judicial economy to allow the Proposed Plaintiffs to assert their claims in this case rather than file additional lawsuits.

A.    **There has Been No Undue Delay in the Filing of this Motion to Amend.**

Plaintiffs have not unduly delayed in filing their motion to amend. Plaintiffs' counsel has recently been contacted by employees of Defendant's who wish to assert claims relating to their work for Defendant from November 14, 2016 to the present. (Vicente Decl. ¶ 6). Plaintiffs are aggregating all additional individuals who sought representation into one amendment. The motion is also filed in accordance with the Court's deadline to amend the pleadings and join additional parties. (Id at ¶ 5).

B.    **There is No Bad Faith or Dilatory Motive in Plaintiffs' Motion**.

Plaintiffs do not make this motion in bad faith or with dilatory motive. To the contrary, the amendments are sought in good faith because the joinder of Plaintiffs to the existing claims promotes trial convenience and helps to avoid additional lawsuits by consolidating related issues and allowing for their resolution in a single action, thereby serving the interests of all parties and the Court. *See Alexander*, 207 F.3d at 1323 ("[T]he central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits."). Aside from adding facts necessary to support the claims of the new Plaintiffs, Plaintiffs have made minimal changes to the facts as asserted in their FAC, consisted solely of corrections necessary to fix one the Plaintiff's last name, fix pages in the Exhibit B, add a few facts to two of the Plaintiffs' claims and add language to the PAGA relief section. (Vicente Decl. ¶¶ 8-13).

8

PLAINTIFFS' MOTION FOR LEAVE TO FILE         *Lopez-Gutierrez et al.v. Foothill Packing, Inc.*
SECOND AMENDED COMPLAINT                      Case No. 5:17-cv05822 BLF

**C.  Defendants Will Not be Unduly Prejudiced by the Court's Allowance of These Amendments**.

Defendants will not be unduly prejudiced by the addition of the Proposed Plaintiffs, the labor violations alleged by these individuals are sufficiently similar and occurred within a proximate period of time to those alleged in the FAC, and thus the Defendant knew or should have known of the continuing violations. Defendant has been aware of these claims since the Plaintiffs' PAGA Notice of Labor Law Violations was served as it raises claims on behalf of other aggrieved workers, including the Proposed Plaintiffs.

**D.  This Amendment is Not Futile.**

Plaintiffs' Second Amended Complaint is legally sufficient to survive a motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint must contain "enough facts to state a claim to relief that is plausible on its face."). Therefore, Plaintiffs' amendment is not futile and furthers an efficient, full, and just resolution of the parties' disputes.

**III.  CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their Motion for Leave to File Second Amended Complaint.

DATED: February 20, 2018              /s/ Ana Vicente de Castro
                                       Ana Vicente de Castro
                                       CALIFORNIA RURAL LEGAL ASSISTANCE
                                       Attorneys for Plaintiffs

9

PLAINTIFFS' MOTION FOR LEAVE TO FILE            *Lopez-Gutierrez et al.v. Foothill Packing, Inc*.
SECOND AMENDED COMPLAINT                                   Case No. 5:17-cv05822 BLF