UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JESUS LOPEZ-GUTIERREZ, ET AL.,<br><br>   Plaintiffs,<br><br>   v.<br><br>FOOTHILL PACKING, INC.,<br><br>   Defendant. | Case No. 17-cv-05822-BLF<br><br>**ORDER RE SUBJECT MATTER JURISDICTION; AND REMANDING CASE TO STATE COURT** |

   Plaintiffs are immigrant farm workers from Mexico who were recruited by Defendant Foothill Packing, Inc. to work in fields operated by Defendant's clients in California. First Amend. Compl. ("FAC") ¶¶ 2–3, ECF 1-12. Defendant offered, and Plaintiffs accepted, employment under the terms of H-2A job orders certified by the U.S. Department of Labor. *Id.* ¶¶ 11–12. The H-2A program, codified in Title 8 of the United States Code at section 1188, is a federal program that permits employers to bring foreign nationals to fill temporary agricultural positions. *See* 8 U.S.C. § 1188.

   On May 4, 2017, Plaintiffs filed this action in Monterey County Superior Court alleging various claims under California law. ECF 1-2. Plaintiffs' FAC asserts that Defendant violated the California Labor Code and Wage Order for failure to: provide minimum wages, pay overtime wages, provide meal periods, furnish accurate wage statements, and make timely wage payments. FAC ¶¶ 36–59, 69–79. In addition, the FAC alleges claims for breach of contract, violation of California Business and Professions Code § 17200 ("UCL"), and violation of the Labor Code pursuant to California Private Attorney General Act ("PAGA"). *Id.* ¶¶ 60–68, 80–100.

   On October 10, 2017, Defendant removed this case to this District based on federal question jurisdiction. Notice of Removal, ECF 1. In its Notice of Removal, Defendant stated that

1  removal is proper because the action "arises under . . . the Interstate Commerce Clause, 29 U.S.C.
2  §254 (1996), . . . referred to as the Portal-to-Portal Act, 8 U.S.C. §1188 (2000), . . . known as the
3  Immigration and National Act, as amended by the Immigration Reform and Control Act of 1986
4  (IRCA), 20 CFR §655.100 et seq., describing the Labor Certification Process for Temporary
5  Agricultural Employment in the United States, and 29 CFR §501 et seq. describing the
6  Enforcement of Contractual Obligations For Temporary Alien Agricultural Workers Admitted
7  Under Section 218 of the Immigration and Nationality Act." *Id.* ¶ 1.

During the initial Case Management Conference, the Court indicated that it may not have subject matter jurisdiction over this case because the FAC pleads only state law claims. The Court issued an order to show case ("OSC") why this case should not be remanded to state court for lack of subject matter jurisdiction. OSC, ECF 32. Each party was given an opportunity to file an opening brief. *Id.* Plaintiffs filed a notice stating that they do not object to remanding the case to state court. ECF 39. Defendant, however, filed a brief arguing that this Court has subject matter jurisdiction. Def.'s Brief, ECF 40.

Having considered the briefing and governing law, the Court concludes that Defendant has not shown that this action "arises under" federal law for the reasons stated below. The Court therefore REMANDS this case to state court for lack of subject matter jurisdiction.

## I. DISCUSSION

The party seeking to invoke the jurisdiction of federal court has the burden of establishing that jurisdiction exists. *KVOS, Inc. v. Associated Press,* 299 U.S. 269, 278 (1936); *Assoc. of Medical Colleges v. United States,* 217 F.3d 770, 778–779 (9th Cir. 2000). "[T]he removal statute is strictly construed against removal jurisdiction." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Any doubts about removability are resolved in favor of remanding the case to state court. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). As the party asserting jurisdiction, Defendant has the burden to show that this Court has federal question jurisdiction. *KVOS*, 299 U.S. at 278.

For a case to "arise under" federal law, a plaintiff's well-pleaded complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily

2

depends on resolution of a substantial question of federal law." *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 678 (2006) (citing *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 27–28 (1983)).

Defendant argues that this case "arises under" federal law because Plaintiffs' claims turn on the interpretation of H-2A program regulations and other applicable federal law. Def.'s Brief 2–3. Specifically, Defendant asserts that the Court will need to interpret the H-2A job orders which incorporate federal regulations in order to evaluate Plaintiffs' wage and hour violations. *Id.* at 3. However, it takes more than a federal element in a state claim "to open the 'arising under' door." *Empire Healthchoice*, 547 U.S. at 701 (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005)). Merely contending that the H-2A orders incorporate federal standards is insufficient to show that this action arises under federal law. *See, e.g.*, *Salinas De Valle v. Sierra Cascade Nursery, Inc.*, No. 2:06CV2274, 2007 WL 214604, at *1 (E.D. Cal. Jan. 25, 2007). Instead, Defendant must show that Plaintiffs' state law claims involve "a substantial, disputed federal question." *Id.* (citing *Arco Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000)).

Here, Defendant points out that Plaintiffs' breach of contract claim asserts that "[Plaintiffs] and other H-2A workers were required to ride, wait on, or wait for Defendant's vehicles to transport them to and from employer-provided housing to the worksite each workday." Def.'s Brief 2 (citing FAC ¶ 22). Plaintiffs' breach of contract claim alleges that Defendant failed to pay wages for "the time for which Plaintiffs were engaged to wait" for Defendant's buses and the time for which Plaintiffs were being transported on the buses. FAC ¶¶ 22, 66. Defendant specifically contends that the Court will be required to interpret 20 C.F.R. § 655.122(h) which sets forth the terms of transportation requirements for H-2A workers and thus this Court has subject matter jurisdiction over this case. Def.'s Brief 5.

After reviewing 20 C.F.R. § 655.122(h), the Court finds that Defendant has not shown that resolving any ambiguity in the terms of the H-2A orders presents a substantial federal question that "is so important that it sensibly belongs in federal court." *Salinas De Valle*, 2007 WL 214604, at *2 (internal quotation marks omitted) (quoting *Eastman v. Marine Mech. Corp.*, 438

3

F.3d 544, 550 (6th Cir. 2006)).  20 C.F.R § 655.122(h) provides the requirements on whether the employer must pay the worker for "costs incurred by the worker for transportation and daily subsistence" when traveling between the "place of employment" and the "place from which the worker has come to work for the employer."  Hence, § 655.122(h) relates to the employer's duty to pay for transportation costs and daily subsistence rather than whether the employer is required to pay *wages* for the worker's time spent waiting for and during transportation.  Thus, Defendant has not established why interpreting § 655.122(h), which relates to transportation costs, raises any substantial issue as to Plaintiffs' claim that they were entitled to payment for wages for the time spent in relation to their traveling to work.

Plaintiffs' other claims also do not raise a substantial question of federal law.  Plaintiffs' claims are based on various wage and hour violations, including failure to provide minimum wages, pay overtime wages, provide meal periods, furnish accurate wage statements, and make timely wage payments.  FAC ¶¶ 36–59, 69–79.  Plaintiffs' UCL and PAGA claims rely on those alleged wage and hour violations.  *Id.* ¶¶ 80–100.  As explained below, the Court finds that Defendant has not shown that those claims implicate any substantial federal question.

The complaint alleges that Plaintiffs were employed under the terms of the H-2A job orders which are attached to the complaint as exhibits A and B.  Compl. ¶¶ 11–12.  The H-2A job orders state that the employer will comply with 20 C.F.R. § 655.122.  *See* Ex. A to Compl. 26 (the offered job "complies with the requirements at 20 C.F.R. 655, Subpart B"), ECF 1-12; Ex. B to Compl. 20 (employer assures compliance with § 655.122), ECF 1-13.[1]  Section 655.122 provides various "contents" of the job offer including those related to minimum wages (rates of pay) (§ 655.122(l)), meals (§ 655.122(g)), earnings records (§ 655.122(j)), and frequency of pay (§ 655.122(m)).  Insofar as these provisions implicate Plaintiffs' wage and hour violations, the Court finds that the provisions do not pose any arguable ambiguity that presents a substantial question "so important that it sensibly belongs in federal court."  *Salinas De Valle*, 2007 WL 214604, at *2.

For example, the "rates of pay" provision makes clear that an employer will pay the

---

[1] The cited page number for exhibits A and B to the complaint refers to the page number of the document at ECF 1-12 and 1-13, respectively.

applicable state minimum wage if it is higher than the adverse effect wage rate. 20 C.F.R. § 655.122(l). Application of that provision does not raise a substantial question of federal law. *See Castillo v. W. Range Ass'n*, No. 316CV00237, 2017 WL 1364584, at *6 (D. Nev. Apr. 13, 2017). As another example, the "frequency of pay" provision states that "[e]mployers must pay wages when due." 20 C.F.R. § 655.122(m). The language of this provision is clear. Likewise, the Court finds that other provisions that may implicate Plaintiffs' claims do not present any ambiguity that presents a difficult and substantial federal question. Accordingly, Defendant has not shown that Plaintiffs' state law claims involve "a substantial, disputed federal question." *Salinas De Valle*, 2007 WL 214604, at *1.

Defendant's other arguments do not change the above conclusion. Defendant contends that other district courts have held that subject matter jurisdiction exists in similar situations as in this case. Def.'s Brief 4–5 (citing *Mitchell v. Osceola Farms Co.*, 408 F. Supp. 2d 1275 (S.D. Fla. 2005) ("*Mitchell I*") and *Ulloa v. Fancy Farms, Inc.*, 274 F. Supp. 3d 1287 (M.D. Fla. 2017)). However, the Court is unpersuaded by Defendant's reliance on *Mitchell I* and *Ulloa*.

In *Mitchell I*, the court held that it had federal question jurisdiction over immigrant farm workers' claims for breach of H-2A employment contracts. 408 F. Supp. 2d at 1277, 1280. The court, however, revisited the subject matter jurisdiction issue in *Mitchell v. Osceola Farms Co.*, 447 F. Supp. 2d 1307 (S.D. Fla. 2006) ("*Mitchell II*"). The court in *Mitchell II* reversed its position. In that case, the work contracts between the employer and its H-2A workers did not expressly incorporate all the terms of the H-2A job orders. 447 F. Supp. 2d at 1311–12. Thus, the issue was whether the terms of the H-2A job orders "trump[ed]" the terms of the work contracts. *Id.* at 1313. *Mitchell II* held that there was no "substantial" question because federal law is settled that H-2A orders (or clearance orders) are incorporated into worker contracts. Hence, in light of the court's conclusion in *Mitchell II*, the Court rejects Defendant's reliance on *Mitchel I*.

*Ulloa* also involved a suit brought by H-2A temporary agricultural guest workers. 274 F. Supp. 3d at 1288. The employer failed to contractually forbid its recruiters from receiving recruitment fees from prospective employees despite the fact that 20 C.F.R. § 655.135 forbids any recruiter from receiving such payments. *Id.* at 1288. As the employer's job order declared that it

would comply with 20 C.F.R. § 655.135, the plaintiff workers who paid recruitment fees to the recruiters sued the employer for breach of contract. *Id.* Here, unlike *Ulloa*, Plaintiffs' claims do not concern the interpretation of § 655.135 and whether Defendant breached the H-2A orders by failing to contractually forbid its recruiters from receiving recruitment fees. Plaintiffs' complaint contains no such allegations. In other words, *Ulloa* involved the application of a regulation that does not concern this case. The Court therefore finds *Ulloa* inapplicable because that case is factually distinguishable and involved a federal regulation which the parties do not point to be an issue.

For the above reasons, the Court is unpersuaded by Defendant's argument that *Mitchell I* and *Ulloa* are controlling. As explained earlier, Defendant has not established that Plaintiffs' claims raise a substantial question of federal law. In fact, district courts within this district have reached similar conclusions that H-2A workers' breach of contract claims did not support federal question jurisdiction after inquiring whether the worker's state law claims implicated a substantial federal question. *See, e.g.*, *Salinas De Valle*, 2007 WL 214604, at *1–3 (defendant failed to show that breach of contract, California Labor Code, and UCL claims arose under federal law); *Castillo*, 2017 WL 1364584, at *5–6 (H-2A workers' claims for breach of contract where the terms incorporated federal regulations did not raise substantial questions of federal law).

Defendant further argues that there is subject matter jurisdiction because of Congress' interest to "occupy[] any field associated with immigration." Def.'s Brief 3–4. That argument, however, directly contradicts numerous cases. For instance, the Ninth Circuit in *Nieto-Santos* found no evidence that Congress intended to make an immigrant worker's state law claim "federal in nature." *Nieto-Santos v. Fletcher Farms*, 743 F.2d 638, 641 (9th Cir. 1984). Other courts have consistently reached the same conclusion. *See Familias Unidas Por La Justicia v. Sakuma Bros. Farms, Inc.*, No. C14-737, 2014 WL 2154382, at *3 (W.D. Wash. May 22, 2014) ("[N]umerous federal courts have rejected the notion that [Immigration Reform and Control Act] occupies the entire regulatory field of immigrants and/or immigrant workers."); *Ruiz v. Fernandez*, No. CV-11-3088, 2012 WL 1442556, at *5 (E.D. Wash. Apr. 26, 2012) (finding that Congress did not manifest "an intent to occupy the legislative field to the extent that [H-2A workers'] state law

causes of action are preempted"). Other than referring to the federal government's interest in establishing terms for the H-2A program, Defendant has not shown that Congress intended to permit state law claims that may implicate immigration laws to be litigated in federal courts.

## II. CONCLUSION

For the foregoing reasons, the Court finds that Defendant has not satisfied its burden to establish that federal question jurisdiction exists. *KVOS*, 299 U.S. at 278. Accordingly, IT IS HEREBY ORDERED that this case shall be REMANDED to state court for lack of subject matter jurisdiction.

The Court hereby TERMINATES all pending motions and VACATES all scheduled deadlines, hearings, pretrial dates, and trial dates. The Clerk of Court shall close this case.

**IT IS SO ORDERED.**

Dated: March 9, 2018

_____
BETH LABSON FREEMAN
United States District Judge